COMMONWEALTH *vs.* CHARLES J. ZAIDON.

Suffolk. November 18, 1925. — November 23, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Intoxicating Liquor. Evidence,* Of intent, Competency. *Practice, Criminal,* Exceptions.

A finding of guilty at the trial of a complaint charging the defendant with keeping and exposing intoxicating liquors with intent unlawfully to sell them is warranted by evidence showing that, on the service of a search warrant in the absence of the defendant but in the presence of his wife, about a pint of liquid containing approximately twenty-six per cent of alcohol, numerous empty whiskey bottles, some with alcoholic odor, and a large quantity of stoppers were found at a store operated by the defendant, and that during two months previous, on six or seven occasions, there was travel to and from the store by persons under the influence of liquor.

At the trial of the complaint above described, a police officer testified to seeing on the premises in question in the presence of the defendant a woman under the influence of liquor with a bottle containing liquor of alcoholic odor in her hand; that the woman's husband said to the defendant, "You are selling liquor to my wife," to which the defendant replied, "I am not"; that the husband then said, "You are, she has some there now," and the defendant replied, "I am not." The defendant was not arrested nor thereafter complained of for that transaction. The judge admitted the testimony solely as bearing on the intent of keeping and exposing as alleged in the complaint. The record stated that "the defendant seasonably objected and excepted" to the admission of the above evidence. *Held,* that

(1) The record must be interpreted to mean that the exception was to the evidence as a whole and not to its separate factors;

(2) A single exception to the evidence as a whole could not be sustained;

(3) Even if the exception related to each separable part of the testi-

mony, it could not be said that the admission of the accusations of the husband of the woman and the replies of the defendant constituted reversible error;

(4) An instruction to the jury, that the testimony of the police officer could be considered "in case they found the liquor in the bottle intoxicating, only as bearing on the intent of the defendant," and if they did not so find "they should disregard this testimony," was without error.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on July 30, 1924, charging that the defendant on July 29, 1924, kept and exposed intoxicating liquors with intent unlawfully to sell the same.

On appeal to the Superior Court, the complaint was tried before *Hayes*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Material evidence is described in the opinion. At the close of the evidence of the Commonwealth, the defendant rested and moved that a verdict of not guilty be ordered. The motion was denied, and the defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*H. P. Fielding & E. Shamon*, for the defendant.

*M. Caro*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J.  This complaint charges that the defendant kept intoxicating liquors with intent to sell the same contrary to law. There was evidence to the effect that, on the service of a search warrant in the absence of the defendant but in the presence of his wife, about a pint of liquid, containing approximately twenty-six per cent of alcohol, numerous empty whiskey bottles, some with alcoholic odor, and a large quantity of stoppers were found at a store operated by the defendant, and that during two months previous, on six or seven occasions, there was travel to and from this store by persons under the influence of liquor. A verdict in favor of the defendant could not rightly have been directed on such evidence. *Commonwealth* v. *Hurley*, 158 Mass. 159. *Commonwealth* v. *Martin*, 162 Mass. 402. *Commonwealth* v. *Meskill*, 165 Mass. 142. *Commonwealth* v. *Kozlowsky*, 243 Mass. 538. *Commonwealth* v. *Slavski*, 245 Mass. 405, 418, 419.

A police officer testified that shortly before the search at the store, in the presence of the defendant, a woman was under the influence of liquor, having in her hand a bottle containing liquid of alcoholic odor, whose husband then and there said to the defendant, "You are selling liquor to my wife"; that the defendant said, "I am not"; that the husband said, "You are, she has some there now"; and that the defendant said again, "I am not." For that transaction the defendant was not then arrested or thereafter complained of in court. This testimony was admitted solely as bearing on the intent of keeping and exposing intoxicating liquor as alleged in the complaint. The exceptions recite that to the admission of this evidence of the police officer "the defendant seasonably objected and excepted." We interpret this to mean that the exception was to the evidence as a whole and not to its separate factors. Plainly evidence as to the presence of the woman in the store of the defendant and the accompanying circumstances was competent. A single exception to the incident as a whole cannot be sustained.

If the exception relates to each separable part of the testimony, it cannot be said that the admission of the accusations of the husband of the woman and the replies of the defendant constitutes reversible error. The excitement and resentment of the husband expressed vocally in the immediate presence of facts vitally affecting his domestic happiness was a part of the competent incident or at least an accessory of it. Its effect was carefully restricted so as not to be considered as proof of the truth of the husband's statement. On this point the case is governed by *Hartnett* v. *McMahan*, 168 Mass. 3. See Wigmore on Ev. § 1755. The defendant was not under arrest. He had whatever benefit flowed from his contemporaneous denial of the accusation. See *Commonwealth* v. *Russell*, 160 Mass. 8. The case at bar is distinguishable from *Commonwealth* v. *Kenney*, 12 Met. 235, where the defendant was under arrest, and from cases like *Fitzgerald* v. *Williams*, 148 Mass. 462, and *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, 146.

There was no error in the instruction to the jury that the testimony of the police officer could be considered "in case

they found the liquor in the bottle was intoxicating, only as bearing on the intent of the defendant," and if they did not so find "they should disregard this testimony."

*Exceptions overruled.*