BLOOM, SOUTH & GURNEY, INC. *vs.* CLEMENT C. MITCHELL.

Suffolk.   November 5, 1934. — January 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract,* Construction, Building contract, What constitutes, Implied. *Damages,* For breach of contract.   *Interest.*

Provisions of a contract between a contractor and a subcontractor for the laying of cork tile floors in a building under construction, that the contractor should provide "reasonable working conditions" for the subcontractor and that "the building shall be kept heated if work is done under this contract during cold weather," required the contractor to furnish an amount of heat adapted to the doing of the work contemplated by the contract.

In an action by said subcontractor against the contractor, an auditor found that the heat furnished was inadequate; that "it was understood that the increased expense which the plaintiff incurred from the lack of sufficient heat would be adjusted after the job was completed," although the auditor stated that he felt unable to "find any definite or positive agreement as to what this adjustment was to be or upon what basis the added expense from this cause was to be computed"; that the only means of furnishing adequate heat was the central heating system which was in the defendant's control; and that the defendant expected the plaintiff to do his work with such heat as could be furnished by "salamanders" or stoves.   The plaintiff, by a declaration containing a count for breach of the original contract between the parties and a count upon an account annexed, sought to recover additional expense for labor and cement incurred by him in the course of his work as a result of the inadequacy of heat. *Held,* that

(1) The auditor's findings as to the understanding between the parties warranted a conclusion that there was a contract requiring the defendant to pay for the additional expense incurred by the plaintiff;

(2) In the circumstances, the proper measure of damages for breach of the original contract was the additional expense incurred by the plaintiff and not what it would have cost him to supply adequate heat himself;

(3) The plaintiff was entitled to recover the amount of such additional expense under either count of the declaration.

An allowance of interest from the date of the writ upon the damages awarded in an action of contract was not improper although the plaintiff suffered the action to remain substantially inactive for six years: either party could have pressed for trial.

CONTRACT. Writ dated September 24, 1926.

In the Superior Court, the action was referred to an auditor whose findings of fact were to be final. Material facts found by him are stated in the opinion. The action thereafter was heard by *Greenhalge, J.*, who found for the plaintiff in the sum of $7,523.82. The defendant alleged exceptions.

*S. Macmillan*, (*L. L. Wadsworth, Jr.*, with him,) for the defendant.

*D. J. Triggs*, (*J. D. O'Connell* with him,) for the plaintiff.

LUMMUS, J. The plaintiff, a subcontractor, brings this action of contract against the contractor who, in 1924 and 1925, built a large apartment hotel in Brookline, called Alden Park Manor. The substance of the claim now material is that the failure of the defendant to heat the building caused the plaintiff additional expense for labor and cement in laying cork tile floors.

The auditor, whose findings of fact by agreement were final, allowed the plaintiff $3,132 for additional labor and $2,028.25 for additional cement. The written contract as orally modified required "that the building shall be kept heated if work is done under this contract during cold weather." This provision, we think, required a degree of heat adapted to the doing of the contemplated work, so as to provide the "reasonable working conditions" to which the plaintiff was entitled by the contract. The auditor found that the heat was inadequate, and the judge adopted his conclusions.

The defendant contends that the count upon an account annexed will not support a judgment for extra labor and materials in the absence of a contract to pay for them, and that damages for breach of the provision for heat in the written contract as orally modified cannot be awarded under that count. *Egan* v. *Massachusetts Bonding & Ins. Co.* 266 Mass. 270, 273. One answer is, that there was also a count for breach of the written contract as orally modified. Besides, the auditor found that "it was understood that the increased expense which the plaintiff incurred from the lack of sufficient heat would be adjusted after the job was completed." A contract to pay for such expense might be found, even though the auditor felt unable to "find any definite or positive agreement as to what this adjustment was to be or upon what basis the added expense from this cause was to be computed."

The defendant contends that the proper measure of damages was not the extra cost of doing the work with insufficient heat, but merely what it would have cost the plaintiff to supply the heat required. The latter doubtless would have been the measure of damages for breach of the contract to furnish heat if the plaintiff could have minimized its loss by supplying the needed heat. *McCormick* v. *Stowell,* 138 Mass. 431. *P. J. W. Moodie Lumber Corp.* v. *A. W. Banister Co.* 286 Mass. 424, 427. But it appears from the auditor's report that the only means of furnishing adequate heat was the central heating system which was in charge of the defendant, and that the defendant expected the plaintiff to do its work with such heat as could be furnished by "salamanders," or stoves, upon the understanding "that the increased expense which the plaintiff incurred from the lack of sufficient heat would be adjusted after the job was completed." Under these circumstances, there was no error in awarding the extra cost of labor and cement, whether recovery is based on the count upon an account annexed, or on the count for breach of the written contract as orally modified.

To the allowance of the usual interest from the date of the writ on the damages awarded, the defendant objects, on the ground that the plaintiff suffered the case to remain

substantially inactive from 1926 until 1932. Either party could have pressed for trial, and the plaintiff has never been paid. There was no error in allowing interest. *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 451, 452.

The defendant asks us, by inference from subsidiary facts stated in the auditor's report, to revise the conclusion of fact reached by the auditor and the judge, that the heat afforded by "salamanders" was not adequate as a compliance with the contract, and also their conclusion of fact, used in computing the damages, that the actual labor cost on the job was nine and one half cents a square foot. The defendant contends that subsidiary facts appearing in the report show error in these conclusions, and cites G. L. (Ter. Ed.) c. 231, § 126, as giving us power to revise them. Assuming that we have the power to revise the conclusions of fact attacked by the defendant, we see nothing in the subsidiary facts found that would lead us to different conclusions. Since in this we are dealing with questions of fact, and no principle of law is involved, we see no need for demonstration or discussion. *Ecklund* v. *Ecklund,* 288 Mass. 517, and cases cited. *Palmer Electric & Manuf. Co.* v. *Underwriters' Laboratories, Inc.* 284 Mass. 550, 555.

The bill of exceptions covers a wide field, and purports to raise many questions. We have dealt with all that were argued.

*Exceptions overruled.*