## P. A. DOLAN CO. *vs.* P. S. THORSEN COMPANY OF MASSACHUSETTS.

Suffolk.    April 6, 1949. — June 6, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Contract*, Performance and breach, Building contract, Subcontract. *Damages*, For breach of contract.

One under contract to furnish and install insulation of a gasoline storage tank within a reasonable time in summer months was liable on his contract for fair and reasonable expenses caused when performance of the work was unduly delayed into the winter by conduct of a subcontractor to whom he had sublet his contract.

A plaintiff, responsible to a general contractor for insulation work which the defendant impliedly had agreed with the plaintiff to do in the summer but which was delayed into the winter, necessitating the use of tarpaulins, purchased by the general contractor and charged at their purchase price to the plaintiff, was entitled to recover from the defendant, not the purchase price of the tarpaulins, but only the value of their use where it appeared that they were serviceable for about a year and that after their use in the insulation work they were returned to the general contractor.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated March 22, 1948.

The case was heard by *Shamon*, J.

In this court the case was submitted on briefs.

*I. M. Davis*, for the defendant.

*J. G. Bryer*, for the plaintiff.

RONAN, J.    The plaintiff entered into a contract with a general contractor by which the plaintiff agreed, among other things, to furnish and install the insulation of a gasoline storage tank having a capacity of fifteen thousand gallons.   The plaintiff sublet this particular work on April 16, 1947, to the defendant, who in turn sublet it to one Roberts. The defendant was under an obligation to insulate the tank within a reasonable time after it was notified in July and

August, 1947, that the tank was ready for insulation. This work could have been done during the warm weather, but the work was delayed by the dilatory tactics of Roberts and it was not done until winter, when it became necessary to build and heat a shelter in order to have the insulation properly done, thereby causing expense to the plaintiff for which in this action of contract it sought to recover from the defendant. The judge found that the plaintiff was entitled to recover the fair and reasonable expenses incurred by it in the construction of the shelter. He found in favor of the plaintiff on four items: one for $280.53 for labor furnished by the general contractor, another for $34.32 for labor furnished by the plaintiff, a third for $12 for freight paid on shipping heaters to and from the site, and a fourth for $224 for eight pieces of tarpaulin, a total of $550.85. The defendant appealed from an order of the Appellate Division dismissing the report.

The declaration was based upon an account annexed, but the trial proceeded, apparently without objection from the defendant, upon the theory that the action was brought to recover damages for breach of contract. No question of variance is presented or considered. It is too late to raise here for the first time the question whether the evidence conformed to the declaration. *Mass. Building Finish Co. Inc.* v. *Brenner,* 288 Mass. 481, 484. *MacDonald* v. *Adamian,* 294 Mass. 187, 190. The rulings of the trial judge cannot be set aside if they were correct upon any form of pleading. *Walker* v. *Nickerson,* 291 Mass. 522. *MacDonald* v. *Adamian,* 294 Mass. 187. *Swartz* v. *Lieberman,* 323 Mass. 109, 111. We do not intimate that the extra expense could not be recovered either upon an account annexed or upon a count for breach of contract. *Bloom, South & Gurney, Inc.* v. *Mitchell,* 289 Mass. 376, 378.

The unreasonable delay of the defendant's subcontractor in completing the work so that it was not performed until cold weather, necessitating a heated shelter to protect the insulation, caused extra expense which the plaintiff sustained in securing the proper performance of work that the defend-

ant had undertaken by its contract with the plaintiff. The defendant, after it became apparent that a shelter — which it admitted was necessary — would have to be provided, wrote its subcontractor Roberts that the latter should pay such expense and notified the plaintiff that it would not pay but that Roberts was responsible and should pay this expense. The plaintiff had no contract with Roberts but it did have a contract with the defendant, and the defendant was liable for the delay of Roberts and was obligated to reimburse the plaintiff for the fair and reasonable cost expended by the plaintiff in providing a shelter for the work. *Goddard* v. *Barnard*, 16 Gray, 205. *Moulton* v. *McOwen*, 103 Mass. 587. *Whitehead & Atherton Machine Co.* v. *Ryder*, 139 Mass. 366. *Olds* v. *Mapes-Reeve Construction Co.* 177 Mass. 41. *Hebb* v. *Welsh*, 185 Mass. 335. *Regan* v. *Keyes*, 204 Mass. 294. *Pelatowski* v. *Black*, 213 Mass. 428, 431. *Barber Asphalt Paving Co.* v. *Staples*, 246 Mass. 40. *Dahlstrom Metallic Door Co.* v. *Evatt Construction Co.* 256 Mass. 404, 417. *Stevens* v. *William S. Howe Co.* 275 Mass. 398. *Glazer* v. *Schwartz*, 276 Mass. 54. *Bloom, South & Gurney, Inc.* v. *Mitchell*, 289 Mass. 376, 378. Williston, Contracts (Rev. ed.) § 1363.

One of the principal items is the charge for the tarpaulins, which the general contractor had purchased at a cost of $224 and used to cover the shelter, and which, after the insulation was completed, it removed and has since kept in its possession. It charged the plaintiff for the price of the tarpaulins, and the plaintiff in turn charged the price to the defendant. The judge found in favor of the plaintiff for the purchase price. It is apparent from the tenor of the entire report, especially the last paragraph, that the trial judge intended to report this question of law. The defendant was not liable in this amount. The evidence shows that tarpaulins are frequently used by contractors and that they are serviceable for about a year. The report states that no evidence was introduced as to the value of their use, nor the extent that their value was reduced by their use in connection with the shelter. The plaintiff is made whole if it recovers for the fair value of the use of the tarpaulins. *C. W. Hunt Co.*

v. *Boston Elevated Railway,* 199 Mass. 220, 236–237.  *Jackson* v. *Innes,* 231 Mass. 558, 560.  *Antokol* v. *Barber,* 248 Mass. 393, 396–397.[1]

As there must be a new trial, we need not decide whether the evidence was sufficient to support the two labor charges, although the testimony went hardly farther than showing an outlay for labor in constructing and removing the shelter and running a steam pipe into it for heating purposes.

The order of the Appellate Division dismissing the report is reversed, and the action is remanded to the District Court for further proceedings.

*So ordered.*

_____

[1] For the measure of compensation for materials used but not consumed or rendered worthless, as for hire of equipment in the construction of public buildings, see G. L. (Ter. Ed.) c. 30, § 39, as appearing in St. 1935, c. 472, § 1; c. 149, § 29, as appearing in St. 1938, c. 361.