ADLOW, J.
Action of contract to recover the sum of $622.45 for labor and materials furnished as a result of delay in the performance of a contract. Except for that issue raised by the substitution of an assignee of the plaintiff’s claim for the plaintiff, all other issues in this controversy have already been considered in P. A. Dolan Company v. P. S. Thorsen Company of Mass., 324 Mass. 376 and the liability of the defendant to the plaintiff for breach of his agreement is clearly established. The cause was remanded “for further proceedings” on the issue of damages alone, the opinion having recited the rule of damages which should have been followed by the court in ascertaining the amount to which the plaintiff was entitled.
The defendant claims to be aggrieved by the refusal of the court to reopen the cause in its entirety and by its refusal to try all the issues anew. We cannot agree with this contention. There is no reason why an already complicated and confused record should be further embarrassed by a retrial of issues already determined. Nor can we seriously entertain the defendant’s objection to the evidence of Edward T. Kilmaine with respect to the damage suffered by the plaintiff. Even if some part of the evidence was incompetent no objection was specifically directed to its admission at the time it was offered, and once admitted there was no obligation on the court to disregard it or strike it out. Crowley v. Swanson, 283 Mass. 82. The report discloses that the defendant’s objection to Kilmaine’s evidence *[12] was general and directed to his testimony in its entirety. A report claimed to the court’s refusal to sustain such an objection leaves no question in issue before this court. Solomon v. Dabrowski, 295 Mass. 358. With respect to the items in issue we cannot say that the court was not in a position on the basis of the evidence reported to estimate the amount of the damage. Bradford v. Cunard Steamship Co., 147 Mass. 55, 57.
Mahony, Bryer, Coffin & Willis, Attys. for plaintiff.
Irvin M. Davis, Attorney for defendant.
Prior to the retrial of this cause an amendment was offered substituting the plaintiff’s attorney for the plaintiff by reason of an assignment dated July 23, 1948. The amendment was allowed over the defendant’s objection. Although the court initially limited the issues in this cause to the question of damages, after the evidence had been closed, the court on its own motion reopened the cause for further hearings with respect to the validity of the assignment. To the reopening of the hearing on this issue the defendant objected.
We cannot agree with the defendant’s contention that the court by its previous ruling was prevented from modifying same and hearing evidence on the issue of champerty raised by the defendant. If this assignment was champertous, it would have provided the defendant with a valid defense against this claim. It would have been error for the court to have precluded the defendant from properly pursuing an inquiry into the circumstances under which it originated. In hastening to correct its original error limiting the issue to damages the court avoided the possible retrial of a cause that has been tried twice. The defendant cannot complain if the court corrects an erroneous ruling before a trial has ended. No party has a vested right in a mistake.
It is unnecessary to elaborate on the questions raised concerning champerty. There was ample evidence to warrant the court in finding that the assignment was given to secure the assignee for advances in money and for a debt for legal services. Such an arrangement would not be illegal or champertous. Blaisdell v. Ahern, 144 Mass. 393, 395 ; Hadlock v. Brooks, 178 Mass. 425; Delval v. Gagnon, 213 Mass. 203.
Report dismissed.