JOSEPH G. BRYER, assignee, *vs.* P. S. THORSEN COMPANY OF MASSACHUSETTS.

Suffolk.    April 4, 1951. — September 13, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Practice, Civil,* New trial; Requests, rulings and instructions. *Evidence,* General objection to evidence.

A decision of this court, that the defendant in an action was liable but that the correct rule of damages had not been applied, and that the case must be remanded for "further proceedings," left open for retrial only the matter of damages.

A ruling that the plaintiff in an action "might introduce evidence to prove" an assignment and that the defendant "might introduce evidence to disprove" it did not preclude the defendant from showing that the assignment was champertous or against public policy or that it was affected by an attachment by trustee process.

A motion to strike out certain testimony as a whole was too broad and was properly denied where, although some of the testimony was based on what the witness had been told, he did not specify what portions were so based and some of the testimony was based on his personal knowledge and was competent.

A request for a ruling respecting certain testimony purportedly set forth therein was properly refused where the request misstated the testimony in one particular and omitted a portion of the testimony material to its competency.

CONTRACT. Writ in the Municipal Court of the City of Boston dated March 22, 1948.

Following the decision of this court reported in 324 Mass. 376, there was a rehearing by *Keniston,* C.J., who found for the plaintiff in the sum of $392.53. A report to the Appellate Division was ordered dismissed, and the defendant appealed.

*I. M. Davis,* for the defendant.

*J. A. MacDonald, Jr.,* for the plaintiff.

SPALDING, J. This case has been here once before sub nomine *P. A. Dolan Co.* v. *P. S. Thorsen Co. of Massachusetts,* 324 Mass. 376. It was there decided that the defendant was liable to the plaintiff for the delay of a third party to

whom the defendant had sublet work which the plaintiff, under a contract with a general contractor, had sublet to the defendant. The delay had necessitated the erection of a shelter for a storage tank, and the defendant was held obligated to reimburse the plaintiff for the fair and reasonable cost expended by the plaintiff in providing the shelter. One of the principal items of such expense was the charge for tarpaulins. The trial court had found for the plaintiff for the purchase price of the tarpaulins but we held that the correct measure of damages was the fair value of the use of the tarpaulins. It was not decided whether the evidence was sufficient to support two labor charges as "there must be a new trial" (page 379).. Accordingly, the order of the Appellate Division dismissing the report was reversed, and the case was remanded to the District Court for "further proceedings."

1. The trial judge ruled that the case was to be reheard only on the issue of damages and the defendant claimed a report of this ruling. There was no error. Our opinion in 324 Mass. 376, fairly construed, settled the question of liability, and the only issue to be retried was that relating to damages. See *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 265 Mass. 549, 552–553.

2. After the rescript of this court but before the case was reheard, the judge allowed a motion substituting the present plaintiff for the original plaintiff. The ground set forth in the motion was that the present plaintiff had acquired by assignment the claim on which the action was based. Following the allowance of this motion a further answer was filed by the defendant which in substance denied that the claim had been assigned to the plaintiff and asserted that, if it had been, the assignment was champertous and against public policy. The judge reheard the case on the issue of damages. After the hearing but before any finding had been made the judge on his own motion reopened the case and "modified the previous ruling limiting the retrial to the issue of the damages only, and ruled that in addition to the issue of damages, the plaintiff might introduce evidence to

prove the assignment from the P. A. Dolan Company to Joseph G. Bryer, and that the defendant might introduce evidence to disprove said assignment." This ruling is now challenged by the defendant on the ground that it permitted evidence to be introduced merely to "prove" or "disprove" the assignment and precluded it from showing that the assignment was champertous or against public policy. This contention, which is obviously an afterthought, cannot be sustained. The construction which the defendant seeks to attribute to the judge's ruling is unduly narrow. It is apparent that the defendant did not place that construction on it when it was made. But however that may be, it did nothing to apprise the judge of it. The report shows that the ruling to which the defendant claimed a report was the refusal of its request "that the case also be reopened to hear evidence on all other issues involved in the case other than the issue of damages and *the evidence regarding the assignment*" (emphasis supplied). It is evident that the judge did not consider his ruling as having the narrow effect attributed to it by the defendant, for he dealt with several requests for rulings relating to champerty and public policy. It does not appear that the defendant attempted to offer any evidence in support of these issues.

3. The defendant also argues that the ruling just discussed precluded it from introducing evidence in support of a matter set up in its answer, namely, that the funds which were the subject of the assignment had been attached by trustee process in an action commenced by a third person. We are of opinion that the ruling of the judge did not foreclose the introduction of such evidence. Moreover, as in the matter of champerty, the defendant never raised this point before the trial judge and, for aught that appears, made no attempt to introduce evidence in support of this issue. The contention is without merit.

4. The defendant argues that certain of the judge's rulings relating to evidence were erroneous. One Kilmain, called by the plaintiff, testified in some detail on the issue of damages. Included in this testimony were the amount

of time spent on the job by various workmen and the dates on which they worked. The report reveals that there was a general objection and claim of report by the defendant as to this entire line of testimony. On cross-examination it appeared that some of Kilmain's testimony as to the labor performed was based upon what he was told by his foreman, the time sheets, and what he had seen himself. At the conclusion of this testimony the defendant moved that the testimony regarding the dates upon which the men worked on the job be struck out and the motion was denied. There was no error. It is to be noted that some of Kilmain's testimony appeared to have been based on hearsay and some on his personal knowledge. He did not specify what portions were not of his own knowledge. An objection and claim of report to the testimony as a whole, where some of it was competent, cannot be sustained. *Commonwealth* v. *Zaidon*, 253 Mass. 600, 602. The motion to strike was too broad, for it included competent as well as incompetent evidence. *Solomon* v. *Dabrowski*, 295 Mass. 358. Compare *Crowley* v. *Swanson*, 283 Mass. 82, 85.

5. There was no error in the refusal of the judge to grant the defendant's sixth request, "Testimony by a superintendent of the general contractor who visited the job only once each week or ten days, and then only for an hour or two, and whose testimony is based upon what he is told by other employees of the general contractor and records which were not introduced in evidence, which testimony was admitted over the objection of the defendant's attorney and as to which the defendant had requested a report, is not sufficient to support item #1 in the account marked 'A' annexed to plaintiff's declaration." For reasons already discussed the defendant did not properly save its rights to the admission of the evidence on which this request was based. Furthermore it assumes facts not in accordance with the evidence. Kilmain testified that when he went to the job he spent an "hour or two . . . *or whatever time was needed*" (emphasis supplied). The italicized portion of his testimony was omitted from the request. But of even more impor-

tance was the failure of the request to state that Kilmain's testimony was based in part, at least, on "what he saw himself." See *Braimaster* v. *Wolf*, 320 Mass. 620, 622.

Other points raised by the defendant have not been argued and are treated as waived.

*Order dismissing report affirmed.*