*Municipal Court of the City of Boston*

No. 350201

**PEERLESS CASUALTY CO.**

**v.**

**MARINUCCI BROS. & CO., INC.**

(Oct. 26, 1956 — Jan. 24, 1957)

*Roberts, J.*   This action of contract to recover for legal services under a contract of indemnity given by an indemnitor to a surety company has been tried as a consequence of an order from the Appellate Division of this Court referring the cause to this Court on the issue of *damages alone.* 5 LEGALITE 324. It is agreed that all questions pertaining to the liability of the defendant with respect to the contract of indemnity have been saved by rulings disposed of by the Appellate Divsion which disposition now awaits hearing before the Supreme Judicial Court pending the determination of damages and the final disposition of the matter before the Appellate Division.

At the trial, pursuant to the order of the Appellate Division, the court expressly restricted the issue to

the matter of damages, and being guided by the Appellate Court rulings with respect to the question of the defendant's liability the court heard evidence as to the value of the legal services rendered by counsel for the surety company (plaintiff) between February 2, 1951 and December 1, 1951. On the basis of this evidence the court found for the plaintiff in the amount of $4,000.00.

At the close of the evidence and before argument, and before the making of its finding by the court, the defendant filed the following requests for rulings on which the court endorsed its memo of rulings:

1. As a matter of law the question of liability of the defendant — if any — is so interwoven with the question of damages that they cannot be separated without injustice to the defendant and the court should, therefore, hear and consider the evidence on the liability of the defendant — if any — before proceeding to an assessment of damages.

*The court's ruling was as follows: "No, this question has been determined in trial already held. The issue in this case is limited by order of Appellate Division".*

2. As matter of law the order of the Appellate Division dated December 6, 1954 requiring the case to be re-tried on the issue of damages only, denies and restricts the defendant in claiming a request for a report on the amount of damages which may be assessed against the defendant after said hearing if held on the restricted issue of damages only, in that the amount of damages found is a question of fact not subject to a claim for report to the Appellate Division under the provisions of General Laws (Ter. Ed.) ch. 231, §108, or the rules of the Municipal Court of the City of Boston, Rule 29, which provides for a report on questions of law alone.

*The court's ruling was: "Yes".*

3. As matter of law, if the court's ruling at the first trial to wit, that the plaintiff could not recover for services rendered between March 8, 1951 and December 1, 1951 was inconsistent with the court's ruling at the first trial, to wit, that the defendant is liable for counsel fees, a new trial on both the issues of liability and damages should have been ordered

by the Appellate Division, in order to entitle the plaintiff to introduce evidence for its outlay of services up to December 1, 1951, and not restrict the new trial to an assessment of damages only, without opportunity to the defendant to introduce evidence on the question of the sole liability of the defendant to pay for services rendered by Attorney Mulready to the plaintiff between March 8, 1951 and December 1, 1951.

> *The court's ruling was as follows: "Immaterial. Issue disposed of by Appellate Court determination".*

7. There is evidence that after March 8, 1951 the legal services rendered the plaintiff by Frank Mulready, Esq., were rendered as one of 5 trustees named by all parties, including the defendant, to manage and pay out the balance of the contract funds to complete the building, including the sum due the defendant.

> *The court's ruling was as follows: "Yes".*

While the court stated to the parties that these requests were directed to issues laid open by the reports already disposed of in the Appellate Division, and that these requests were not essential to a review of those rulings, the defendant urged that because of the uncertain status of the law with respect to review of interlocutory matters, the questions be passed upon de novo.

The defendant claiming to be aggrieved by the court's refusal to rule as requested by the defendant in requests Nos. 1 and 3, and by the granting of requests Nos. 2 and 7, which were alleged to be inconsistent with refusals to rule as requested by the defendant's requests Nos. 1 and 3, and by the further award to the plaintiff of damages in the amount of $4,000.00, the trial court reported the case to the Appellate Division for determination.

1. The authority of this court extends only to the correctness of the ruling of the trial judge on points of law properly raised by the appellant. *Perry v. Hanover,* 314 Mass. 167, 169.

2. Since the issue to be tried was strictly limited by a previous order of this Division, (*Peerless Cas.*

*Co. v. Marinucci Bros. & Co. Inc.,* 8 Mass. App. Dec. 131, there is no merit in the argument of the appellant that its first request should have been granted by the trial judge. *Bryer v. P.S. Thorsen Co.,* 327 Mass. 684.

3. In our opinion the trial court's treatment of the appellant's remaining requests was correct and in conformance with the previous decision of this Division which held that the plaintiff was entitled to recover for counsel fees for the period of March 8, 1951 to December 1, 1951 and limited the retrial to the issue of damages only. *E. Kronman, Inc. v. Bunn Bros.,* 265 Mass. 549, 553.

4. Rulings made by the Appellate Division establishing the liability of the defendant, and directing that the new trial be limited to the issue of damages, became the law of the case in subsequent proceedings in the trial court. Any requests inconsistent with the rulings by the Appellate Division were therefore necessarily properly denied. There were no requests for rulings on issues not previously passed on by the Appellate Division. Consequently this report must be dismissed.

*Report dismissed.*

Anthony G. Muello of Boston for the Plaintiff

Sullivan & Sullivan of Boston for the Defendant