DOREL STEEL CORPORATION *vs.* MODULAR CONSTRUCTORS, INC.

Suffolk.    June 11, 1975. — September 22, 1975.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Contract,* Building contract, Performance and breach.    *Damages,* Building contract.

In a suit by a subcontractor on its contract, testimony of the subcontractor's field superintendent that he was familiar with the plans and specifications, that the job was completed on a certain date, with some corrective work done later, and that "the job ended" when he made a "final inspection" in order "to wrap up ... [the] job," although amounting to sparse and disjointed evidence, was sufficient to support the judge's finding that the subcontractor had performed the subcontract. [495]

In a suit by a subcontractor on its contract, evidence that the subcontract provided that its price was "based on continuous operation" by the subcontractor's crew, that the transportation of materials to the site was to be arranged by the contractor according to an agreed upon schedule, and that the contractor failed to meet that schedule warranted an award of damages to the subcontractor for expenses incurred by the contractor's delay in furnishing the materials. [495-496]

In a suit by a subcontractor on its contract, it was error for a judge to award damages to the subcontractor for work performed beyond the scope of its contract where the subcontractor offered no evidence of the fair value of the work. [496]

BILL IN EQUITY filed in the Superior Court on May 2, 1972.

The suit was heard by *Kent B. Smith,* J.

The case was submitted on briefs.

*Roger S. Davis* for the defendant.

*Joel B. Brenner & Ira A. Nagel* for the plaintiff.

GOODMAN, J.    The defendant appeals from a judgment for the plaintiff for $13,382.92, with interest, entered on the plaintiff's bill in equity after July 1, 1974. See Mass. R.Civ.P. 1A, subpar. 3, 365 Mass. 731 (1974). The amount of the judgment consisted of three elements, each of which is challenged by the defendant: (1) $10,500 as the agreed-upon price for construction work to be performed by the plaintiff under its subcontract with the defendant; (2) $2,541.81 as damages caused by the defendant's delays in furnishing materials necessary to the plaintiff's performance of the subcontract; and (3) $341.11 for extra work performed by the plaintiff. The trial judge filed written findings and rulings, and the evidence is reported.

1. The defendant first contends that the judge was plainly wrong (see *Smith* v. *Board of Appeals of Brookline,* 366 Mass. 197, 200 [1974]) in finding that the plaintiff had "performed the [sub] contract." We disagree.

While the evidence of performance as presented by the plaintiff was so sparse and disjointed as to bring the plaintiff dangerously close to a failure of proof, we cannot say that the evidence was so deficient as to render the judge's finding plainly wrong. The plaintiff's field superintendent testified that he was familiar with the plans and specifications; and the trial judge could have inferred performance from the testimony that "[w]e erected the pre-cast," that on being asked "[w]hen was the job completed" he answered "[a]round the twenty-ninth of October" — with some "corrective" work done later — and that "the job ended" sometime in November when he made a "final inspection" in order "to wrap up . . . [the] job." Other testimony by the field superintendent and testimony by an officer of the defendant called by the plaintiff also yielded some support for the trial judge's finding. The defendant introduced no evidence to the contrary, or even attempted to elicit any such evidence through cross-examination or otherwise.

2. The defendant next contends that there was error in so much of the judgment as allowed recovery of expenses incurred by the plaintiff because of the defendant's delay

on several occasions in furnishing materials required for the performance of the plaintiff's work. The contention is without merit. It is clear from the subcontract, as amended by a letter agreement signed by the presidents of both parties, that the subcontract price was "based on continuous operation" by the plaintiff's crew at the job site and that the transportation of materials to the site by the defendant was to be "scheduled . . . for arrival time to avoid any delays in unloading of materials." Cf. *Chas. T. Main, Inc.* v. *Massachusetts Turnpike Authy.* 347 Mass. 154, 162-164 (1964). The plaintiff's field superintendent testified that a schedule had been agreed upon orally with the defendant's general manager by which the defendant would "have a continuous flow of trucks on the job," beginning at 8:00 A.M. with "at least two [trucks] an hour." He also testified that the defendant failed to meet that schedule and that as a result the plaintiff's crew and equipment remained idle for approximately nine hours. Thus, the evidence supported the judge's conclusion that the defendant had broken the subcontract in this regard and was liable to the plaintiff for the damages caused thereby. *P. A. Dolan Co.* v. *P. S. Thorsen Co. of Massachusetts,* 324 Mass. 376, 377-378 (1949). Cf. *Quentin Vespa Co. Inc.* v. *Construction Serv. Co.* 343 Mass. 547, 553-554 (1962).[1]

3. However, the plaintiff's claim in the amount of $341.11 for the extra work which it allegedly performed beyond the scope of the contract must be measured by the fair value of the work; the plaintiff introduced no evidence whatsoever of such value. Nor did the plaintiff indicate in any way how the sum was computed. That claim must therefore be excluded from the judgment. *Eastman* v. *Steadman,* 269 Mass. 250, 251 (1929).

---

[1] We do not agree with the defendant's argument that the superintendent's testimony in respect to the delays was inadmissible and should have been struck; the terms of the amended subcontract and the evidence of the oral scheduling agreement with the defendant's general manager provided an ample foundation for the superintendent's challenged testimony.

4. Accordingly the judgment is to be modified by substituting the principal sum of $13,041.81 for the sum of $13,382.92 and by making appropriate adjustments in interest. As so modified the judgment is affirmed.

*So ordered.*