COMMONWEALTH *vs.* CLEMENT BEAUREGARD. No. 87-959. April 7, 1988. *Rape. Evidence,* Prior inconsistent statement.

A jury found the defendant guilty of aggravated rape, armed assault with intent to rob, and assault and battery by means of a dangerous weapon. At trial the victim identified the defendant as the man who had forced her into an alley and raped her at knifepoint. To impeach the victim's implicit assertion that she was able to identify her attacker, the defendant sought to introduce a notation on the admitting record of the emergency room to which she had been brought on reporting the rape. The notation, written by the physician who had seen her in the emergency room, stated: "Alleged Sexual Assault Hx per RN. Corham Pt. refuses exam. Cannot identify assailant. Has had tubal ligation." (The physician explained on voir dire that Hx means history, i.e., the medical history of the patient; Corham is the name of the nurse who recorded the medical history; and Pt. means patient.) The judge ruled that the notation might be received in evidence with the deletion of the words, "Cannot identify assailant." The correctness of that exclusion is the sole issue on appeal.

The words in question were not offered under the hospital records exception to the hearsay rule, G. L. c. 233, § 79, because they did not relate to treatment and medical history. See *Bouchie* v. *Murray,* 376 Mass. 524, 528

(1978). To qualify as a prior inconsistent statement by the victim, it must be shown that the words were attributable to the victim. *Wingate* v. *Emery Air Freight Corp.*, 385 Mass. 402, 405 (1982). *Commonwealth* v. *Happnie*, 3 Mass. App. Ct. 193, 199 (1975). *Commonwealth* v. *Sampson*, 7 Mass. App. Ct. 514, 520-521 (1979). This the defendant sought to prove through the testimony (on voir dire) of the physician who had written the notation. The physician, however, even after being shown the notation, had no recollection of his conversation with the victim. He testified that, according to his usual practice, he would indicate in his notation the source of any information that came from a source other than the patient (e.g., "Hx per RN. Corham") and that he would explain to a rape victim reluctant to undergo examination (for traces of blood, semen, etc.) the three purposes served thereby: namely, obtaining evidence to prosecute the perpetrator, anticipating the possibility of pregnancy, and testing for exposure to venereal disease. To the physician the cryptic notation reflected the victim's responses: that she could not identify the perpetrator, that she would not become pregnant because she had had a tubal ligation, and that penicillin would take care of any risk of venereal disease. (The last was presumably extrapolated from the prescription, also in the physician's handwriting, that followed the notation.)

We recognize that, to qualify an utterance for admission as a prior inconsistent statement, the proponent need not show a direct contradiction in plain terms between the earlier statement and the trial testimony. *Commonwealth* v. *West*, 312 Mass. 438, 440 (1942). *Commonwealth* v. *Simmonds*, 386 Mass. 234, 242 (1982). The judge could (and did) properly conclude, however, that the defendant had failed to show with sufficient certainty that the words "[c]annot identify assailant" were reflective of a statement to that effect by the victim as contrasted with a conclusion by the physician. The words may have represented some variation of a statement by the victim that her assailant was not someone she knew or a conclusion by the physician that the vagueness of her description (there is evidence that she was nearly hysterical) precluded her being able to identify her assailant. On this the physician could shed no light, as he had no recollection of the conversation, and his detailed reconstruction thereof involved patent speculation. "Where . . . as here the statements are not plainly contradictory, the judge has wide discretion." *Commonwealth* v. *Hesketh*, 386 Mass. 153, 161 (1982). *Commonwealth* v. *McGowan*, 400 Mass. 385, 391 (1987). See also *Commonwealth* v. *Sawyer*, 389 Mass. 686, 700-701 (1983). Contrast *Commonwealth* v. *Allen*, 22 Mass. App. Ct. 413, 417-423 (1986), where the excluded evidence was more clearly probative than the evidence excluded here. While many judges might have exercised that wide discretion in the defendant's favor, the ruling here was not an abuse of discretion.

No question has been raised concerning other evidence adduced at trial that tended to corroborate the victim's identification of the defendant as the attacker.

*Judgments affirmed.*

*Carlo Obligato,* Committee for Public Counsel Services, for the defendant.

*Judith Fabricant,* Assistant District Attorney, for the Commonwealth.