JAMES M. BURKE & another[1] *vs.* THE MEMORIAL HOSPITAL & others.[2] No. 89-P-547. August 30, 1990. *Evidence*, Hearsay, Business record, Rebuttal, General objection.

In this medical malpractice action, a Superior Court jury found that the defendants were negligent, but that their negligence was not the cause of the plaintiff's[3] brain damage. The only issue presented in the appeal is: Did the judge err in his admission in evidence of certain personnel records which consisted of performance evaluations of the plaintiff's work by his supervisor and himself for the years 1977 through 1980? We rule the judge did not err and, therefore, affirm the judgment.

We summarize the pertinent evidence that forms the backdrop for the evidentiary ruling. The plaintiff was employed by Memorial Hospital as a pharmacist. On January 12, 1978, he suffered a seizure at work and was admitted to the hospital. While there, he fell from his bed when he was left unattended with the rails lowered by a resident physician and a medical student, the individual defendants in this case. The plaintiff returned to work one month later. Because of reports regarding his performance and behavior, he was informed in January, 1981, that he could not continue working without clearance from the hospital's health clinic. Subsequently, he consulted a psychiatrist, his expert witness at the trial, who diagnosed his illness as "dementia, an organic form of psychosis," resulting from hitting his head during the above-described fall. The defendants' experts, a neurologist and neurosurgeon, refuted any causal relationship between the plaintiff's "dementia" and the fall. In their opinion, if the plaintiff's "dementia" were due to such a fall, the worst effects of his illness would have been immediately apparent and would have interfered immediately with his ability to function.

Anticipating the testimony of the defendants' experts, the plaintiff called as a witness the hospital's vice president of personnel, who produced under subpoena the plaintiff's personnel file. Over the general objection of all defense counsel, the plaintiff introduced in evidence, ostensibly as a business record,[4] a memorandum to the file, dated September 24, 1980, written by Robert B. Zaleski, director of pharmacy services at the hospital. In the memorandum, Mr. Zaleski stated:

> "I told Mr. Burke that I had noticed a distinct change in his personality since his illness [of January, 1978]. He is often forgetful and late for work . . . . In addition I have noticed a change in Jim's

---

[1]Elaine Burke filed a claim for loss of consortium. The jury did not award any damages to her. She did not press this issue on appeal.

[2]Daniel Shine and Edward J. Mascioli.

[3]In this opinion "the plaintiff" will be used to refer to plaintiff James M. Burke.

[4]The trial judge himself initiated a series of questions to the witness, all of which were directed to the establishment of the preliminary facts for admissibility of a business record under G. L. c. 233, § 78.

attitude and appearance . . . . I told Mr. Burke that I had received numerous complaints from Nursing, Fiscal Services, and most of the members of the Pharmacy Department concerning his performance."

During cross-examination, counsel for the defendant hospital elicited from this witness that employees were evaluated regularly on standard forms, that the plaintiff's performance had been evaluated regularly, and that these evaluations were performed in good faith and in the regular course of business. Upon request, the witness produced from the plaintiff's personnel file four sets of performance evaluations[5] by his supervisor, Robert B. Zaleski, dated July 10, 1977, January 8, 1978, January 7, 1979, and January 12, 1980, in which Mr. Zaleski had given the plaintiff consistently high ratings before and after the fall. Each of these forms was accompanied by the plaintiff's self-evaluation. The defendant hospital offered these forms in evidence. The plaintiff lodged a general objection. Upon specific inquiry by the trial judge, the plaintiff stated his objection was based on the ground that the documents contained statements of opinion and not fact and as such were not business records. The judge overruled the objection and admitted the forms in evidence.

The personnel records were admitted as business records under G. L. c. 233, § 78. The judge's ruling imports a finding that the preliminary factual predicates[6] imposed by § 78 had been established. The judge's finding is conclusive if there is evidence to support it. *Adoption of George*, 27 Mass. App. Ct. 265, 270 (1989). The plaintiff challenges this finding by the judge. While we find that there is evidence to support the trial judge's determination of the prescribed preliminary facts, we note that the plaintiff's sole objection to these records at trial was on the ground that the documents contained statements of opinion. The plaintiff cannot now raise for the first time that the preliminary findings required for the admissibility of business records have not been met. *Mailhiot v. Liberty Bank & Trust Co.*, 24 Mass. App. Ct. 525, 530 n.5 (1987).

We turn now to the plaintiff's objection that the documents contained statements of opinion. Opinions contained in business records are not admissible unless they fall within some other exception to the hearsay rule. *Julian v. Randazzo*, 380 Mass. 391, 392-393 (1980). *Irwin v. Ware*, 392

---

[5]Each form provided for evaluation by the supervisor and evaluation by the employee in six categories — productivity, quality of work, dependability, self-development, development of others, and leadership. Each category contained five boxes to indicate the employee's rating, from "clearly in need of overall improvement" to "clearly exceeds the normal standard for that position." The supervisor's form also provided for an explanatory statement; the employee's form did not.

[6]The required preliminary findings are that the entry was made (1) in good faith (2) in the regular course of business (3) before the beginning of the proceeding and (4) that it was in the usual course of business to make the entry at the time of the event or within a reasonable time thereafter.

Mass. 745, 749 (1984). *Commonwealth* v. *Trapp*, 396 Mass. 202, 208 n.5 (1985). *Wiik* v. *Rathore*, 21 Mass. App. Ct. 399, 402 (1986). See also *Fall River Sav. Bank* v. *Callahan*, 18 Mass. App. Ct. 76, 83 (1984). The documents, performance evaluations, by their very nature consisted almost entirely of judgmental evaluations and opinions and, as such, were not admissible under the business records exception to the hearsay rule.

The above determination does not end our inquiry. The defendants assert that even if the performance evaluations were inadmissible as business records they were admissible on other grounds. We agree. Performance evaluations prepared by the plaintiff after January, 1978,[7] could be construed as admissions that his performance was unaffected by the fall. The evaluation forms prepared by the supervisor after January, 1978, were admissible to rebut or contradict the Zaleski memo to the personnel file dated September 24, 1980, referred to above at 948-949. Under the doctrine of curative admissibility, a party has a right to rebut inadmissible evidence that is material, relevant, and prejudicial by introducing evidence to contradict it, even though the evidence would otherwise be inadmissible. See *Commonwealth* v. *Wakelin*, 230 Mass. 567, 576 (1918); *Commonwealth* v. *Ruffen*, 399 Mass. 811, 812-814 (1987); Liacos, Massachusetts Evidence 444 (5th ed. 1981 & Supp. 1985). There is no question that the Zaleski memo of September 24, 1980, was material, relevant and prejudicial to the defendants' case because it tended to vitiate the defendants' argument that the plaintiff's fall in January, 1978, did not immediately interfere with his ability to function. The trial judge admitted the memorandum as a business record. It was not a business record, because it was not the regular practice of the hospital to place such a memorandum in an employee's personnel file. However, a portion of the memorandum in which Mr. Zaleski stated that he "had noticed a distinct change in [the plaintiff's] personality since [the plaintiff's] illness [of January, 1978,]" could have been admitted as a vicarious admission of the defendant hospital. See *Ruszcyk* v. *Secretary of Pub. Safety*, 401 Mass. 418, 420-424 (1988); *Gage* v. *Westfield*, 26 Mass. App. Ct. 681, 693 (1988). Other portions were clearly inadmissible but material and prejudicial. For example, the Zaleski memorandum of September 24, 1980, contained the following statement: "I told Mr. Burke that I had received numerous complaints from Nursing, Fiscal Services, and most of the members of the Pharmacy Department concerning his performance." To contradict this statement, the judge could properly have allowed the defendants to introduce the following statement contained in the supervisor's appraisal form dated January 12, 1980: "Quality of work is excellent. Very few errors. Works well with the medical and nursing staffs."

---

[7]The admission of the forms prepared by the supervisor before January, 1978, would not amount to reversible error because they were duplicative of the plaintiff's evidence that he functioned well in his job.

The plaintiff's objection to the performance evaluations for the years 1977-1980 was made to the records as a whole. No request was made to strike out or exclude those portions constituting inadmissible opinion. Consequently, even if some portions of the records were inadmissible, it was not error to overrule the plaintiff's objection where portions of the documents were admissible as discussed in this opinion. *Vinal* v. *Nahant*, 232 Mass. 412, 424 (1919). *Oehme* v. *Whittemore-Wright Co.*, 279 Mass. 558, 565-566 (1932). *Bryer* v. *P.S. Thorsen Co.*, 327 Mass. 684, 686-687 (1951). *Commonwealth* v. *Hollyer*, 8 Mass. App. Ct. 428, 432 (1979).

*Judgment affirmed.*

*Kenneth A. Sweder* for the plaintiff.
*Gerard R. Laurence* for Daniel Shine.
*Edward C. Bassett, Jr.*, for The Memorial Hospital.
*Alexander B. Harvey* for Edward J. Mascioli.