## RESCRIPT OPINIONS.

JOHN TIMOTHY LANE, petitioner. No. 92-P-1244. July 22, 1993. *Sex Offender. Practice, Civil,* Sex offender.

On appeal from the denial of his petition under G. L. c. 123A, § 9, to be released from commitment to the treatment center at Massachusetts Correctional Institution, Bridgewater, as a sexually dangerous person (SDP), the petitioner claims there was insufficient evidence for the judge to find beyond a reasonable doubt that the petitioner continued to be a sexually dangerous person and that the judge committed reversible error in admitting in evidence the testimony of the chairman of the restrictive integration review board (RIB) and the report of the RIB. We affirm the judgment.

While the petitioner did introduce in evidence the testimony and report of an expert witness that he was no longer an SDP, the Commonwealth presented the testimony and reports of two expert witnesses as well as the testimony of the chairman of the RIB and the report of the RIB to the contrary. The weight and credibility of this evidence lies within the province of the fact finder. *Poulin, petitioner,* 22 Mass. App. Ct. 988 (1986). The fact that the judge relied heavily on statements of the petitioner's therapist contained in one of the Commonwealth's experts' reports does not taint his findings. The report was admissible in evidence under G. L. c. 123A, § 9, as a qualified examiner's report. The petitioner stipulated to the admission in evidence of the report. Consequently, he waived any objections to this evidence. *Commonwealth* v. *Reynolds,* 338 Mass. 130, 136 (1958). If these statements were inadmissible, the petitioner should have made a specific objection and a motion to strike the statements to which he now raises an objection. See *Burke* v. *Memorial Hosp.,* 29 Mass. App. Ct. 948, 951 (1990). Regardless, the trial judge had substantial evidence before him from which he could properly conclude beyond a reasonable doubt that the petitioner, though making progress, remained an SDP. See *Leavis, petitioner,* 12 Mass. App Ct. 958 (1981).

We agree with the petitioner that the RIB was improperly constituted, but conclude that the admission in evidence of the testimony of the chairman of the RIB and the report itself was not prejudicial error. The Legislature established an RIB to make periodic examinations once a year of any person committed to the treatment center in order to determine the person's progress of treatment and the advisability of the person's continued participation in the program. G. L. c. 123A, § 8. The RIB is also required to update its annual report for a hearing under § 9. Its report is

admissible in evidence. The RIB consists of a six-member board which includes the head of the Massachusetts Treatment Center custodial staff. G. L. c. 123A, § 8. At the time of the petitioner's examination by the RIB for his § 9 hearing, the head of the Massachusetts Treatment Center's custodial staff did not sit as a member of the board, rather, his designee from the security staff, Captain Everett Smith, sat in his place. There is no provision in § 8 which provides for the appointment of a "designee" to participate in the examination process. There is, however, in § 9 a specific provision which allows the administrator of the center or his designee to testify at the § 9 hearing regarding the report of the RIB. It is a canon of statutory construction that if specific language appears in one section of a statute and is absent from a related section, the absent language should not be read into the provision from which it is missing. *Tilcon Mass., Inc.* v. *Commissioner of Rev.*, 30 Mass. App. Ct. 264, 269 (1991). Accordingly, we conclude that the head of the custodial staff could not designate Captain Smith to sit in his place.

Ordinarily, statutory violations are not cause for reversal unless the violation caused some harm. *Commonwealth* v. *A Juvenile (No. 2)*, 384 Mass. 390, 392 (1981). The petitioner must show that the error "possibly weakened his case in some significant way so as to require a new trial." *Commonwealth* v. *Levy*, 29 Mass. App. Ct. 279, 286-287 (1990). *Commonwealth* v. *Schulze*, 389 Mass. 735, 741 (1983). Where there was ample other evidence to support the judge's determination that the petitioner remained an SDP, we conclude the petitioner has not shown that the error weakened his case in some significant way. See *Commonwealth* v. *A Juvenile (No. 2)*, 396 Mass. 215, 224 (1985).

*Judgment affirmed.*

*Geoffrey E. Spofford* for the petitioner.
*Neil S. Tassel*, Assistant Attorney General, for the Commonwealth.