Brady, J.
In this Chapter 2IE, §4 case, plaintiffs move for a ruling in advance of trial that thirteen technical reports and laboratory data contained therein are admissible as business records. Plaintiffs ask that I rule that the reports are admissible based on several filed affidavits and the anticipated testimony of three expert witnesses. Alternatively, plaintiffs request a ruling that the reports will be admitted if the affiants testify at trial in substantial conformance with their affidavits. After argument and upon a review of the parties’ briefs and the reports themselves, it is apparent that both requests of the plaintiffs must be denied. My reasons are as follows.
1. The reports cannot be authenticated by affidavit. At minimum, live witnesses with sufficient familiarify with the contents of the reports will be required to testify at trial.
2. The reports are generally quite detailed. Some of the information in some of the reports may qualify for admission under the business record statute, G.L.c. 233, §78, but other portions of the reports are not admissible. See Wingate v. Emery Air Freight Corp., 385 Mass. 402, 408 (1982). The reports are replete with opinions which are not admissible under the business records hearsay exception. Julian v. Randazzo, 380 Mass. 391 (1980); Burke v. Memorial Hospital, 29 Mass.App.Ct. 948, 950 (1990); Wiik v. Rathore, 21 Mass.App.Ct. 399, 402 (1986).
3. Some of the reports incorporate laboratory data furnished to the reporting firm by outside laboratories. If an outside laboratory is involved, the maker of the record (i.e., the outside lab), as opposed to the recipient, must authenticate the report and provide sufficient foundational facts for the Court to admit the record. Wingate v. Emery Air Freight Corp., at 409.
4. Several of the reports were prepared after this litigation was commenced. Although this timing would not be a bar under proposed Mass. R. Evid. 803(6), the Supreme Judicial Court has thus far declined to adopt this rule and eliminate this requirement under G.L.c. 233, §78. Com v. Trapp, 396 Mass. 202, 208, n.5 (1985).
5. With respect to laboratory data, weaknesses in the chain of custody of the samples may go to the weight of the evidence rather than admissibility. However, “the proponent [of the evidence] must show that all persons in the chain of communication, from the observer to the preparer, reported the information as a matter of business duty or business routine.” Irwin v. Ware, 392 Mass. 745, 749-50 (1984). Thus some evidence must be presented concerning the drawing of the samples.[1]
6. The case now stands third in line for trial. Notwithstanding the prior ruling of this Court dated August 1, 1991 that the claims against all defendants under Chapter 2 IE, §4 would be tried by the Court, jury waived, I intend, in my discretion, to impanel a jury to decide the fact issues of this case. The reason for my decision is that my familiarity with the settlement positions of the parties, which I have obtained through several pre-trial conferences, would interfere with my ability to hear and determine the facts of this case jury waived. The parties shall keep in touch with the clerk with respect to trial status.

 Although counsel for defendant Farr cannot explain to the Court how he expects to cast any doubt on the taking and handling of the samples, he is correct that he is entitled to insist on compliance with the rules of evidence.