MARGARET M. BLAKE *vs.* SANDI HENDRICKSON & another.[1]

No. 95-P-488.

Essex. March 20, 1996. - June 12, 1996.

Present: SMITH, KAPLAN, & IRELAND, JJ.

*Negligence,* Motor vehicle. *Evidence,* Prior inconsistent statement. *Agency,*
Attorney at law, Admission by agent, Scope of authority or employ-
ment. *Practice, Civil,* New trial. *Damages,* Tort.

At the trial of a negligence action arising out of a 1988 automobile ac-
cident, the judge properly admitted in evidence letters signed by the
plaintiff's attorney asserting that a 1990 automobile accident was the
sole cause of the plaintiff's pain and suffering and medical bills after that
accident, which were offered by the defendants as an admission or prior
inconsistent statement. [581-583]

The record of a trial of an automobile tort case warranted the jury's conclu-
sion that the plaintiff's damages from the accident in question were not
greater than $2,000, and the judge did not abuse his discretion in deny-
ing the plaintiff's motion for a new trial on the issue of damages.
[583-584]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 18, 1991.

The case was tried before *Peter F. Brady,* J., and a motion
for a new trial was heard by him.

*Lynn Coffin Brendemuehl* for the plaintiff.

*John James Regan* for the defendants.

SMITH, J. As a result of an automobile accident on October
21, 1988, in Danvers, the plaintiff, Margaret Blake, brought
an action in the Superior Court against the defendants, Sandi
Hendrickson and Manchester Transportation Services (MTS),
seeking to recover damages for her injuries. In their answers
to the plaintiff's complaint, Hendrickson admitted that she
was the operator, but not the owner, of the car that struck

---

[1]Manchester Transportation Services.

the plaintiff. MTS admitted that Hendrickson was its employee when the accident occurred. Both defendants, however, denied that they were the cause of the plaintiff's injuries.

After a five-day trial in the Superior Court, a jury, in response to special questions, found Hendrickson was negligent; that she was acting as MTS's employee at the time of the accident; that her negligence was the proximate cause of the plaintiff's injuries; and that the plaintiff was not negligent. In response, however, to a question asking what amount of money would be fair and reasonable in order to compensate the plaintiff for her injuries, the jury answered "none." The judge denied the plaintiff's motion for a new trial. On appeal, the plaintiff claims that the judge committed error in (1) allowing in evidence certain letters of her attorney and (2) denying her motion for a new trial. We summarize the evidence introduced at the trial as background for our analysis.

1. *The first accident.* The plaintiff testified that on October 21, 1988, while stopped at a red light in Danvers, she was struck from behind by an automobile operated by Hendrickson and owned by MTS. As a result of pain in her neck and back, she consulted a doctor a few days after the accident. During the following four months, she was treated by two other doctors. Her treatment consisted of pain killers, bedrest and physical therapy. Her last date of therapy following the October 21, 1988, accident, but before the second accident (see below), was January 25, 1989. Her last date of any medical treatment before her second accident was February 7, 1989. The total amount of her medical bills at that time was $1,471. In regard to the first accident, she received $2,000 in PIP benefits from her husband's car insurance.

2. *The second accident.* The plaintiff testified that on June 14, 1990, while she was still recovering from the first accident, she was involved in another automobile accident. It was the plaintiff's theory at the trial that the 1990 accident aggravated the injuries that she had received in the 1988 accident, and therefore, the defendants in the 1988 accident were liable for all the medical bills that she incurred following the 1990 accident.

In that regard, the plaintiff testified that the 1990 accident was minor but she did experience a "surge" of pain which aggravated the pain she was still experiencing from the 1988 accident. As a result, over the next four years, she saw several

doctors, underwent bilateral breast reduction to relieve pressure on her upper spine and neck, underwent in-patient care at a chronic pain clinic and received intensive physical therapy. Her total medical bills which included her treatment after the 1988 accident up to the time of trial exceeded $42,000.[2]

3. *The introduction in evidence of plaintiff's counsel's letters.* The plaintiff was the subject of an extensive cross-examination on her theory that the 1988 defendants were responsible for all her medical bills, including those incurred after the 1990 accident. In regard to that theory, the defendants requested that the judge allow them to introduce in evidence a letter, dated February 7, 1992, written by the plaintiff's attorney. The letter was to the insurer of the other operator involved in the 1990 accident. The letter referred to the 1990 accident and did not mention the 1988 accident. The letter stated in relevant part, "Enclosed please find copies of all my client's medical bills and reports in connection with the above entitled matter [the 1990 accident]." There followed an itemization of the medical bills which totaled $31,909.06 to date.[3] The letter then stated "[t]he circumstances of this incident as well as the seriousness and permanency of my client's injuries entitles her to substantial monetary compensation."[4]

The defendants claimed that the plaintiff's letters, in particular the letter sent to the insurer of the operator involved in the 1990 accident, contradicted her theory of the case because the letters asserted that the operator involved in the 1990 accident was *solely* responsible for her pain and suffering and medical bills after that accident. Therefore, the letters were admissible, according to the defendants, as an admission by a party opponent or as prior inconsistent statements. The plaintiff objected to their introduction in evidence on the ground that they were written by counsel and not by plaintiff. The judge questioned plaintiff's counsel and ascertained that the counsel's law partner had signed and sent the letters. The judge allowed the letters to be admitted in evidence.

---

[2]In regard to the 1990 accident, the plaintiff received $10,000 from the other operator's insurance company, which was the full amount of the other operator's coverage. She also received $2,000 in PIP benefits through her husband's insurance policy.

[3]The medical bills itemized in the letter were the same as those introduced at the trial.

[4]A similar letter was sent to her husband's insurer for PIP benefits.

On appeal, the plaintiff claims that the letters were inadmissible hearsay, irrelevant, misleading, and prejudicial. However, the plaintiff did not object to the admission of the letters on those grounds. Therefore, we need only consider whether counsel's writing and signing the letters affects their admissibility. See *Huber* v. *Huber*, 408 Mass. 495, 497 (1990) (a party cannot challenge a ruling that admitted evidence on grounds not argued at the trial); *Burke* v. *Memorial Hosp.*, 29 Mass. App. Ct. 948, 949 (1990) (where party objected to evidence on one ground, party cannot raise for the first time on appeal another ground for keeping evidence out).

The plaintiff argues that because the letters were signed by her attorney, they cannot be fairly attributed to her so as to qualify as an admission of a party opponent or a prior inconsistent statement. We disagree.

In *Loomis* v. *New York, N.H. & H. R.R.*, 159 Mass. 39 (1893), the plaintiff brought an action for her personal injuries which resulted from a fall upon some steps in the defendant's railroad station. The trial judge ruled that two letters sent by the plaintiff's counsel were inadmissible.

On appeal, a divided court reversed the trial judge's decision. The court ruled that "[t]he object of the evidence was to show that, when the plaintiff presented her claim through her attorney, it was for a fall at a place near where the defendant's evidence at the trial tended to show that it occurred, and where the stairs were in perfect condition, and not at the place where the plaintiff located it in her testimony." *Id.* at 44. Therefore, because the letters were material and the attorney was acting as plaintiff's agent, the majority ruled that the letters were admissible. See also *James* v. *Boston Elev. Ry.*, 201 Mass. 263, 266 (1909) (attorney was client's agent and what attorney said or did within the scope of his employment is presumed to have been done under client's instructions and is evidence which may be used against client).

Here, there was ample evidence showing that the plaintiff had retained the law firm who sent the letter and who was her counsel at the trial to represent her in regard to the 1988 accident and also the 1990 accident. Part of that representation included presenting her claim to the insurance company of the operator involved in the 1990 accident. Thus, counsel was the agent of the plaintiff, the letters were within the scope of the employment and, therefore, were admissible. We

note that the plaintiff, while testifying, was given ample op-
portunity to attempt to explain the reason for the letters and
the meaning of their contents.[5]

4. *Denial of the plaintiff's motion for a new trial.* The
plaintiff filed a motion for a new trial on the issue of dam-
ages. She claimed that where the jury answered special ques-
tions that the defendants were negligent and caused her
injuries, the failure of the jury to award her damages was
against the weight of the evidence.[6] The trial judge denied the
motion, and the plaintiff claims error.

It is clear that the jury concluded that she had recovered
from the 1988 accident when she became involved in the
1990 accident. The jury was warranted in arriving at that
conclusion based on the plaintiff's testimony and the
testimony of her own medical experts. The record shows that
her testimony was marked by numerous inconsistencies be-
tween her trial testimony, deposition testimony, and medical
records. Time and again, the plaintiff's treating physicians
contradicted the plaintiff's testimony as to the cause, extent,
and duration of the injuries she had received in the 1988 ac-
cident. In addition, the jury were instructed to deduct from
any damages which they may have found, the sum of $2,000

[5]The plaintiff cites *Wingate* v. *Emery Air Freight Corp.*, 385 Mass. 402,
405 (1982), *Pina* v. *McGill Dev. Corp.*, 388 Mass. 159, 164 (1983), and
*Commonwealth* v. *Beauregard*, 25 Mass. App. Ct. 983 (1988), in support of
her argument that the letters were inadmissible. Those cases are not
persuasive.

In *Wingate*, the report objected to and excluded was prepared by the
plaintiff's employer and not by her attorney. In addition, there was no evi-
dence that the plaintiff in that case ever spoke to the person who prepared
the report or that the author of the report was working as an agent of the
plaintiff. In *Beauregard*, the report that was excluded was prepared by a
doctor, not her attorney.

In *Pina* v. *McGill Dev. Corp.*, the defendant attempted to admit in evi-
dence, as prior inconsistent statements, insurance claim forms signed by the
plaintiff's attorney but not by the plaintiff. The trial judge excluded this ev-
idence. On appeal, the court did not address the issue of whether the judge
properly excluded these documents on the ground that the plaintiff had not
signed them; instead, the court stated that "[e]ven assuming, arguendo, that
the documents were admissible as prior inconsistent statements to impeach
Pina's credibility, for the exclusion of such evidence to cause a reversal, the
record must demonstrate that the exclusion prejudiced the case." *Pina* v.
*McGill Dev. Corp., supra* at 164.

[6]The plaintiff does not challenge the jury's answers to special questions
as being inconsistent.

in PIP benefits which was paid after the 1988 accident. On this record, the jury were warranted in concluding that her injuries following the 1988 accident were not greater than $2,000. The judge did not abuse his discretion in denying the motion for a new trial.

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*