MacLeod, J.
The trustees of Denholm Condominium Trust (“trustees”) brought this action under G.Lc. 183A and G.L.c. 254 against Robert G. Doyle, as trustee of Vickers Realty Trust (“Doyle”)-[2] The complaint alleges that Doyle is the record owner of unit 535 of the Denholm Condominium in Worcester, Massachusetts, and that he owes $12,500.00 in unpaid common expense assessments, plus interest, late fees, attorney’s fees, and collection costs. The trustees seek to recover the unpaid balance, to establish a priority lien against the unit, and to obtain court authorization for its sale.
On January 20, 2010, after a hearing on the trustees’ motion to compel a deposition and for sanctions, the trial court ordered Doyle to provide the trustees with the name and address of a deponent under Mass. R. Civ. R, Rule 30(b) (6), within thirty days, and warned that failure to comply would result in sanctions under Mass. R. Civ. P, Rule 37(b) (2). Doyle failed to comply and was defaulted on March 15,2010. After an assessment hearing on March 25,2010, the trial court entered a default judgment on April 26, 2010. The court awarded the trustees $31,771.30 in unpaid common expense assessments, special assessments, capital contributions, and interest, and $13,414.10 in attorney’s fees and costs; imposed a priority lien on the unit; and authorized its sale. This appeal followed.
1. Doyle argues that the trial court erred in allowing a spreadsheet into evidence under the business records exception to the hearsay rule. The spreadsheet listed Doyle’s unpaid common expense assessments, special assessments, capital contributions, and interest from October, 2008 to March, 2010, reflecting a total of $31,771.30.
Business records are admissible as hearsay exceptions pursuant to G.L.c. 233, §78. “[A] document is admissible as a business record if the judge finds that it was *25 (1) made in good faith; (2) made in the regular course of business; (3) made before the action began; and (4) the regular course of business to make the record at or about the time of the transaction or occurrences recorded.” Beal Bank, SSB v. Eurich, 444 Mass. 813, 815 (2005). A judge’s decision to admit a record implies these requisite findings under G.L.c. 233, § 78. Id. We review that decision for an abuse of discretion. Id., citing Poirier v. Town of Plymouth, 374 Mass. 206, 210 (1978).
Doyle’s first argument, that the spreadsheet should have been excluded because it was based on data from an unknown third party, is without merit. General Laws c. 233, §78 “makes clear that [a business] record is admissible even when the preparer has relied on the statement of others, by providing that ‘personal knowledge by the entrant or maker’ is a matter affecting the weight (rather than the admissibility) of the record.” Wingate v. Emery Air Freight Corp., 385 Mass. 402, 406 (1982), quoting G.L.c. 233, §78. “Although the preparer’s hearsay sources must carry the same indicia of reliability and be shown to have been reported as a matter of business duty or business routine, this can be accomplished by presenting evidence of normal business practice, rather than by producing each speaker.” Beal Bank, SSB, supra at 816, quoting Wingate, supra.
In this case, the testimony of Adam Schuster (“Schuster”), the trustee in charge of financing and collections, provided sufficient evidence to support admitting the spreadsheet as a business record. Schuster testified that the calculations in the spreadsheet for October, 2008 to February, 2010 were based on data received from the condominium’s building manager; that Schuster himself calculated the amounts for March, 2010; and that the spreadsheet accurately represented the amounts owed by Doyle to the trustees. As an employee of the trustees, the building manager had a business duty to provide accurate information. See Wingate, supra at 406. In light of this obligation and the trustee’s reliance, the trial court was warranted in finding that the spreadsheet was made in good faith and in the regular course of business. See Beal Bank, SSB, supra at 818.
Doyle’s additional argument, that the spreadsheet did not meet the requirement that the document must be prepared in advance of litigation, is also without merit. Although the spreadsheet covers October, 2008 to March, 2010 and this action was commenced in June, 2009, Doyle did not object to the admission of the spreadsheet on this ground, arguing only that data in the spreadsheet came from a third party. Therefore, we do not consider this argument on appeal. Blake v. Hendrickson, 40 Mass. App. Ct. 579, 582 (1996), citing Huber v. Huber, 408 Mass. 495, 497 (1990) (party cannot challenge ruling that admitted evidence on grounds not argued at trial), and Burke v. Memorial Hosp., 29 Mass. App. Ct. 948, 949 (1990) (where party objected to evidence on one ground, party cannot raise for first time on appeal another ground for keeping evidence out). See also Household Fuel Corp. v. Hamacher, 331 Mass. 653, 655 (1954) (objection preserved as to entries made in business record after commencement of action where “ [t]he point was brought to the attention of the judge”).
2. Doyle next argues that the trustees failed to prove at the assessment hearing that the common expense assessments, special assessments, capital contributions, *26 and interest were properly issued by the trustees under the master deed, declaration of trust, or G.L.c. 183A.
Doyle’s default did not operate “as an absolute confession by the defendant of his liability and of the plaintiffs’ right to recover.” Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 834 (1978), quoting Nishimatsu Constr. Co. v. Houston Nat’l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, even after default, “it remain [ed] for the court to consider whether the unchallenged facts constitute [d] a legitimate cause of action, since a party in default does not admit mere conclusions of law.” Id. at 834-835, quoting 10 C.A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE AND PROCEDURE §2688, at 282 (1973).
In this case, the complaint alleges that Doyle is the record owner of the subject condominium unit; the trustees have assessed Doyle for common expenses and charges in the amount of $12,500.00; Doyle has not paid; and the trustees notified Doyle of the delinquency after sixty days. These facts set out a legitimate cause of action under G.Lc. 183A, §6. Further, having failed to pay the common expense assessments, Doyle could not dispute their legality at the assessment hearing. See Blood v. Edgar’s, Inc., 36 Mass. App. Ct. 402, 410 (1994) (“[A] condominium unit owner may not challenge the legality of a common expense assessment by refusing to pay it.”); Nine Pleasant St. Condominium Trust v. Luttrell, No. 07-P-1201 (Mass. App. Ct. July 3, 2008) (unpublished Rule 1:28 decision) (applying Blood to bar unit owner from contesting legality of assessments and fees during collection action after failing to make payments); Forty-Three Kingston St. Condominium Ass’n v. Bedfordor Ltd. Partnership, No. 05-P-814 (Mass. App. Ct. Aug. 30, 2006) (unpublished Rule 1:28 decision) (same).
3. Doyle also argues that the trial court made no subsidiary findings to support the admission of the spreadsheet or the legality of the assessments.
In Hermanson v. Szafarowicz, 457 Mass. 39 (2010), the Supreme Judicial Court interpreted Mass. R. Civ. P., Rule 55(b) (2), to require “some factual findings concerning the basis of the damages or other relief included within the default judgment.” Id. at 49. The Court added that the “extent and nature of the findings will depend on the circumstances.” Id. at 49 n.14. In this case, where Doyle presented no evidence in conflict with that submitted by the trustees, it was not necessary for the court to make extensive subsidiary findings. The judge’s decision to admit the spreadsheet implied the requisite findings under G.L.c. 233, §78, Beal Bank, SSB, supra at 815, and Doyle could not raise at the hearing the illegality of the assessments after failing to pay them under protest. See Blood, supra at 410.
4. Finally, Doyle argues that the court’s award of attorney’s fees in the amount of $13,414.10 was excessive, unfair, and insufficiently supported by affidavit.
“What constitutes a reasonable fee is a question that is committed to the sound discretion of the judge.” Berman v. Linnane, 434 Mass. 301, 302-303 (2001). In exercising that discretion, a judge may consider “the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and *27 the amount of awards in similar cases.” Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979).
The trustees’ counsel submitted an affidavit in this case detailing the legal work that she and two associates performed from July 28, 2009 through March 23, 2010, totaling thirty-nine hours at rates of $325.00 and $185.00, respectively. There is nothing in the record to suggest that the judge failed to apply properly the factors set forth in Linthicum, supra. Further, we note that a portion of the fees were the result of Doyle’s dilatory tactics in discovery and disobedience of a court order.
Judgment affirmed.
So ordered.

 Flagship Bank and Trust Company was also named as a defendant. The complaint alleges that it holds a first mortgage on the subject unit.