KENNER PARKER TOYS, INC., & others *vs*. NEW WORLD PICTURES, LTD., & another. November 9, 1987. *Corporation*, Tender offer. *Moot Question*. *Practice, Civil*, Moot case.

We dismiss this appeal on the ground of mootness. Kenner Parker Toys, Inc. (Kenner Parker), filed an action in the Superior Court to prevent New World Pictures, Ltd. (New World), from commencing a tender offer to acquire Kenner Parker's outstanding common stock. Kenner Parker alleged that New World had violated G. L. c. 110C, § 3 (1986 ed.), which regulates tender offers for shares of any corporation which is incorporated under the laws of or which has its principal place of business in Massachusetts. On August 21, 1987, a judge of the Superior Court entered a preliminary injunction against New World, enjoining New World from acquiring any shares of Kenner Parker or taking any other action to acquire control of Kenner Parker, and reported to the Appeals Court the question of the constitutionality of G. L. c. 110C, § 3, under the commerce clause of the

---

[1] Christopher Thomas *vs*. Commissioner of Public Welfare, and Daniel Rivera *vs*. Commissioner of Public Welfare.

United States Constitution. This court on its own motion transferred the report and New World's appeal.

New World now contends, and we agree, that subsequent developments have rendered this appeal moot. Subsequent to oral argument of this case, an unrelated third-party corporation has acquired in excess of 95 per cent of Kenner Parker's common stock pursuant to a publicly announced merger agreement under which Kenner Parker ultimately will become a wholly owned subsidiary of the acquiror. This being so, there is no longer any practical possibility of a tender offer by New World for Kenner Parker stock. Since the party who claimed to be aggrieved by the preliminary injunction no longer has a personal stake in its outcome, the appeal must be dismissed as moot and the report must be discharged. See, e.g., *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976), and cases cited. Accordingly, we vacate the injunction appealed from with a notation that the decision is not on the merits, and remand the case to the Superior Court with directions to dismiss the action. *Id.* at 708.

*So ordered.*

*Thomas J. Dougherty (Jay B. Kasner* with·him) for the defendants.

*John D. Donovan, Jr. (Paul Rosen* of New York *& Ann Pauly Michalik* with him) for the plaintiff.

*Carl Valvo,* Assistant Attorney General, for the interveners.