GLOBE NEWSPAPER COMPANY & another *vs.* CHIEF
MEDICAL EXAMINER.

Suffolk. December 6, 1988. — February 14, 1989.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Moot Question. Practice, Civil,* Moot case. *Public Records. Privacy. Statute,* Construction.

Although an action by a newspaper seeking an order compelling the defendant, the Commonwealth's chief medical examiner, to release three autopsy reports became moot when the defendant complied with the judge's order by agreeing to disclose the reports, and the judge should not have considered the newspaper's request thereafter to make a declaration that the reports were not exempt from disclosure, this court expressed its view on the question, where the matter had been fully argued and presented an issue of public interest likely to arise again. [134]

Reports of autopsies conducted by a medical examiner pursuant to G. L. c. 38, § 6, are "medical files or information" and exempt from disclosure under G. L. c. 4, § 7, Twenty-sixth (*c*). [134-136]

CIVIL ACTION commenced in the Superior Court Department on August 11, 1987.

The case was heard by *Andrew Gill Meyer,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Judy G. Zeprun,* Assistant Attorney General (*Richard D. Raskin* of Illinois & *Stanley E. Adelman* with her) for the defendant.

*E. Susan Garsh* (*Joanne D'Alcomo* with her) for the plaintiffs.

*Jack R. Bierig, James C. Dechene & Richard D. Raskin* of Illinois, for College of American Pathologists, amicus curiae, submitted a brief.

NOLAN, J. The single, narrow issue in this appeal is whether reports of autopsies conducted by a medical examiner pursuant

to G. L. c. 38, § 6, are "medical files or information" and exempt from disclosure under G. L. c. 4, § 7, Twenty-sixth (*c*). We hold them to be exempt.

The Legislature has declared that every person having custody of any public record "shall, at reasonable times and without unreasonable delay, permit it" to be inspected by any person and shall furnish a copy upon payment of a reasonable fee. G. L. c. 66, § 10 (*a*) (1986 ed.). "Public records" are defined and exemptions are set forth in G. L. c. 4, § 7, Twenty-sixth (1986 ed.). The subparagraph at issue here, Twenty-sixth (*c*), is set forth in the margin.[1]

Three patients at Bridgewater State Hospital died in the spring of 1987. Autopsies were conducted and reports of these autopsies were filed with the defendant, the chief medical examiner. The plaintiffs, Globe Newspaper Company and its reporter Diane E. Lewis (Globe), on May 1, 1987, reported that two of the deceased parties had committed suicide. The Globe had reported previously that quantities of pain relievers were found in the blood of the third patient at his death.

The Globe commenced an action for declaratory judgment by filing a complaint on August 11, 1987, seeking an order compelling the defendant to release the three autopsy reports. The Superior Court judge filed a memorandum and order declaring that the autopsy reports of the three deceased patients are public records and that they should be disclosed to the Globe. The chief medical examiner complied but indicated that he disagreed with the court's interpretation and would not be guided by it in the future. The Globe filed a motion to amend and clarify the judgment. The judge allowed the motion and an amended judgment was entered declaring the autopsy reports of the three patients to be public records, that they be disclosed to the plaintiff, and that reports of all autopsies "conducted pursuant to Mass. Gen. Laws ch. 38, § 6, are not exempt from disclosure by Mass. Gen. Laws ch. 4, § 7, cl.

[1] General Laws c. 4, § 7, Twenty-sixth (*c*), provides an exemption for: "personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy."

twenty-sixth (c)." The chief medical examiner appealed from this judgment. We transferred the case to this court on our own motion.

The judge erred in allowing the Globe's motion to amend the judgment. At the point in which the chief medical examiner complied with the order and agreed to disclose the autopsy reports, this case became moot. "[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome." *Bronstein* v. *Board of Registration in Optometry*, 403 Mass. 621, 627 (1988), quoting *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976). Neither party had a further stake in this specific litigation when the chief medical examiner agreed to turn over the autopsy reports at issue. Thus, the judge should not have considered the Globe's request thereafter to make a declaration that autopsy reports are not exempt from disclosure. Nevertheless, this matter has been fully argued and presents an issue of public interest which is likely to arise again. Therefore, we express our views on the question. *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943).

One exception to the definition of "public records" is the statutory provision set forth above: "medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy." Such "medical files or information" are exempt from public disclosure under G. L. c. 66, § 10. The judge ruled that reports of autopsies which were generated under G. L. c. 38, § 6, were not such "medical files or information" and hence not protected from disclosure.

Autopsies performed by physicians are diagnostic in nature and yield detailed, intimate information about the subject's body and medical condition. Therefore, they are medical records.[2]

---

[2] The Globe argues that all the information contained in the autopsy reports which is also part of an independent public record (i.e., the death certificate) should be subject to disclosure. We do not agree. The Globe concedes that the nonconfidential information in autopsy reports already is available from the death certificate. Thus, it would be both burdensome

There is a strong public policy in Massachusetts that favors confidentiality as to medical data about a person's body. This policy can be seen in the confidentiality of hospital records, G. L. c. 111, § 70E; of HTLV [AIDS] testing, G. L. c. 111, § 70F; of records pertaining to venereal disease, G. L. c. 111, § 119; of records concerning Reyes Syndrome, G. L. c. 111, § 110B; of reports of infectious diseases, G. L. c. 111D, § 6, and in many other instances.

The Globe argues that, even if autopsy reports are medical records, we must indulge in a detailed analysis to determine whether the autopsy reports are "of a personal nature and relate to a particular individual." *Globe Newspaper Co.* v. *Boston Retirement Bd.*, 388 Mass. 427, 432-434 (1983). In making its argument, the Globe relies on cases which relate to information contained in personnel reports. See, e.g., *Brogan* v. *School Comm. of Westport*, 401 Mass. 306, 308-309 (1987) (names and absentee records are not exempt from disclosure); *Pottle* v. *School Comm. of Braintree*, 395 Mass. 861, 862 (1985) (names, addresses, and job classifications of school employees are not exempt from disclosure); *Hastings & Sons Publishing* v. *City Treasurer of Lynn*, 374 Mass. 812 (1978) (city payroll records are not exempt from disclosure).

Cases from other jurisdictions in which courts have declared autopsy reports to be public records are neither controlling nor helpful because they have been decided under differently worded statutes.

It is necessary to distort the plain statutory language to render autopsy reports anything but "medical files or information." The Legislature has made such medical files or information absolutely exempt without need for further inquiry as to whether their disclosure constitutes "a clearly unwarranted invasion of personal privacy." We have held that this latter clause does not modify the phrase "medical files or information," but rather it modifies the second part of Twenty-sixth (c), "any other materials or data relating to a specifically named individual."

and unnecessary to force the medical examiner to redact the reports in order to extract the nuggets of nonconfidential information.

*Globe Newspaper Co.* v. *Boston Retirement Bd.*, 388 Mass. 427, 433-434 (1983).

The Legislature is not unmindful of the desirability of disclosure of autopsy reports in limited circumstances because it provides for disclosure of such reports to the next of kin of those who die in a place of detention (G. L. c. 40, § 36A), and to a defendant in a capital case on his request (G. L. c. 38, § 7). The Legislature could have rendered autopsy reports made pursuant to G. L. c. 38, § 6, public records as it has done with respect to death certificates (G. L. c. 46, §§ 1, 9), but it chose to make them exemptions to the requirement of disclosure of public records in G. L. c. 4, § 7, Twenty-sixth (*c*). The court is not free to ignore the plain language of the statute.

The case is remanded to the Superior Court with instructions that judgment shall enter declaring that autopsy reports made pursuant to G. L. c. 38, § 6, are exempt from disclosure by G. L. c. 4, § 7, Twenty-sixth (*c*).

*So ordered.*