ROBERT E. SHAW *vs.* ROMAN CATHOLIC BISHOP OF WORCESTER. No. 88-P-1138. November 7, 1989. *Moot Question. Practice, Civil,* Moot case. *Parent and Child,* Custody of minor.

The plaintiff is the father of Lisa, born July 26, 1969. The defendant operates a private secondary school in Worcester, which Lisa attended. Lisa's parents are divorced, and her mother has legal custody. In a complaint filed in the Superior Court on February 13, 1987, the plaintiff sought, among other things, access to Lisa's academic records. The plaintiff based his claim upon G. L. c. 208, § 31, as appearing in St. 1986, c. 480. That section, in relevant part, provides as follows: "The entry of an order or judgment relative to the custody of minor children shall not negate or impede the ability of the parent not granted custody to have such access to the academic, medical, hospital, or other health records of the child, as he would have had if the custody order or judgment had not been entered . . ."

The case was tried on an agreed statement of facts submitted on January 14, 1988. Lisa had graduated from the defendant's high school on May 28, 1987, and she had reached her eighteenth birthday on July 26, 1987. On March 10, 1988, the judge ruled against the plaintiff on the merits. He also determined that the matter had become moot, Lisa having

turned eighteen. Other than to obtain a decision on an abstract proposition of law, the judge concluded, the plaintiff no longer had a stake in the litigation. Judgment entered dismissing the complaint.

General Laws c. 208, § 31, placed the plaintiff in the position he would have been in, for the purpose of obtaining access to Lisa's records, had there been no custody order. According to the school's normal policy and procedure, access to student records would be provided only to the student, to persons designated in the school records, or to those authorized by such persons to receive access. Lisa had made known to the school that she objected to her father's having access to her school records, and he was neither designated in the school records nor authorized by a designated person to receive access. General Laws c. 71, §§ 34D and 34E, affording parents the right to inspect academic records, apply only to public schools.

General Laws c. 71, §§ 34A and 34B, *do* refer to transcripts of students in private schools. Whether they require a private school to provide to a parent the academic records of a minor student who objects to such disclosure, however, is a difficult question, possibly implicating the minor's constitutional right to privacy. In such a situation, principles of judicial economy make it inappropriate for a court to resolve the dispute unless substantial interests are at stake. See *M.C.* v. *Commissioner of Correction*, 399 Mass. 909, 912 (1987).

The plaintiff claims that he has a continuing right to Lisa's records because he wants them as "memorabilia" and because of possible support orders against him extending beyond Lisa's eighteenth birthday. See G. L. c. 208, § 28; G. L. c. 215, §§ 3 and 6. We regard the interest in having memorabilia as insubstantial and the possibility of future support orders, on this record, as hypothetical.

Although none of the numerous Massachusetts cases involving the doctrine of mootness is precisely on point, the general principles are nevertheless applicable. See *Monteiro* v. *Selectmen of Falmouth*, 328 Mass. 391, 392-393 (1952); *Wolf* v. *Commissioner of Public Works*, 367 Mass. 293, 298-299 (1975); *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976); *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 782-784 (1984); *Metros* v. *Secretary of the Commonwealth*, 396 Mass. 156, 159 (1985); *Kenner Park Toys, Inc.* v. *New World Pictures, L.T.D.*, 401 Mass. 1001, 1002 (1987); *Globe Newspaper Co.* v. *Chief Med. Examiner*, 404 Mass. 132, 134 (1989). Lisa having reached majority, it is unlikely that the same issue will arise again between the present parties. Should a similar dispute arise between other parties, it is likely that they could litigate the matter to its conclusion before the student reaches majority. Thus, "[a]ppellate review of the issue . . . presented in this appeal may be obtained in the normal course of some subsequent action without any substantial likelihood of mootness." *First Natl. Bank* v. *Haufler*, 377 Mass. 209, 211 (1979). Contrast *Umina* v. *Malbica*, 27 Mass. App. Ct. 351,

354 (1989). Accordingly, we decline to decide the merits of the dispute on the ground of mootness.

*Judgment affirmed.*

The case was submitted on briefs.

*Robert E. Shaw*, pro se.

*James F. Cosgrove & Susanne R. Blatt* for the defendant.