Brassard, J.
Plaintiffs seek discovery of materials in the possession of the City of Cambridge Police Department (“CPD”) which, after a settlement agreement, is no longer a party. The materials sought are medical examiner’s photos and CPD internal investigation material relating to the death of Sean Sumner Mack while in the Cambridge Police lockup. The City of Cambridge has moved for a protective order to deny the plaintiffs the discovery they seek through their subpoena of the CPD Keeper of Records. Alternatively, the City seeks to limit use of the discovery materials to plaintiffs and their counsel. For the reasons set forth below, the City of Cambridge’s motion for a protective order denying discovery is DENIED; and its motion for a protective order limiting distribution, discussion and use of discovery materials to plaintiffs and their counsel is ALLOWED.
BACKGROUND[2]
This matter arises from the death of Sean Sumner Mack, who died on July 18, 1996, while in the Cambridge Police Department lockup. Initially, the plaintiffs (various members of Sumner Mack’s family) filed suit against: the City of Cambridge Police Department, various individual officers (the “Police Defendants”), the ambulance service (Professional Ambulance & Oxygen Service, Inc.) and its medical technicians (the “EMT Defendants”).
As the result of a settlement agreement, the plaintiffs agreed to release the City of Cambridge and its individual employees from the suit. The claims against the EMT Defendants are still pending.
The plaintiffs, in the course of discovery against the EMT Defendants, have subpoenaed the keeper of records at the Cambridge Police Department seeking “all documents and other photographs relating to the investigation regarding the death of Sean Sumner Mack.”
The City urges that this request for discovery is contrary to the terms of the party’s settlement agreement; not relevant to the claims against the EMT Defendants; and shielded by privilege. The City therefore requests that the Court issue a protective order to deny plaintiffs the discovery they seek or limit them in their use of such material.
DISCUSSION
Settlement Agreement
The settlement agreement arrived at between the plaintiffs and the former Police Defendants contains a general release that releases the City from any claims, past or future, that the plaintiffs asserted or could have asserted against the City. The City of Cambridge now contends that the settlement and the release contained therein prevent the plaintiffs from obtaining CPD documents in the course of discovery for their claim against the EMT Defendants. This Court concludes that the general release, while protecting the City against further suit in the matter, does not exempt the CPD from discovery requests.
Relevance
The City also argues that the documents sought by the plaintiffs are not germane to the claims against the EMT Defendants. Rule 26(b)(1), however, states that parties can discover any relevant matter, not privileged, that is reasonably calculated to lead to the discovery of admissible evidence. Mass.R.Civ.P. 26(b)(1). Provided that the material is not deemed privileged, the discoveiy request, seeking information regarding Sumner Mack’s death, appears to be reasonably calculated to lead to admissible evidence in the plaintiffs’ claims against the EMT Defendants.
Privilege
Massachusetts abides by the principle that “the public has a right to every man’s evidence,” and *244 therefore does not favor claims of privilege. Cronin v. Strayer, 392 Mass. 525, 531 (1984), quoting Matter of Pappas, 358 Mass. 604, 607 (1971), aff'd sub nom. Brazburg v. Hayes, 408 U.S. 665 (1972). If a privilege is recognized at all its limits are “sharply determined" to “coincide with the limits of the benefits it creates.” Id. at 533. Privileges are generally determined by the legislature or, with great reluctance, by the Supreme Judicial Court. Harris-Lewis v. Mudge, Civil No. 96-2349F, 9 Mass. L. Rptr. 573 (Suffolk Super.Ct. February 18, 1999), citing Babets v. Sec'y of Human Serv., 403 Mass. 230, 234 (1988).
Internal Affairs Department Documents
The City asserts that the Internal Affairs Department documents are privileged; and that it is in the public interest for police internal investigations to remain confidential so that law enforcement is not prejudiced in its efforts to investigate its own conduct. The City claims that, in essence, disclosure of these documents would create a chilling effect that would impact candor and therefore the effectiveness of IAD investigations. Police internal affairs investigations, however, are not privileged by statute or common law; and the City has not demonstrated that a significant harm would result by disclosure of the material to the plaintiffs and their counsel. The IAD documents, therefore, are not exempt from discovery.[3]
Medical Examiner’s Photos
By claiming that the medical examiner’s photos in its possession are privileged the City has overlooked the statutory provision requiring, upon request by the next of kin, disclosure of autopsy and medical examiner’s reports of those who die in a place of detention. G.L.c. 40, §36A; Globe Newspaper Co. v. Chief Medical Examiner, 404 Mass. 132, 136 (1989) (“Legislature is not unmindful of the desirability of disclosure of autopsy reports in limited circumstances because it provides for disclosure of such reports to the next of kin of those who die in a place of detention”). The medical examiner’s photos in possession of the CPD, presumptively part of the medical examiner’s report, should be released to the plaintiffs.
Protective Order
The information sought by the plaintiffs is not privileged and therefore the Court will not issue a protective order to prevent the plaintiffs from obtaining the discovery they seek. Judges, however, “should not hesitate to exercise appropriate control over the discovery process” and have the power to exercise discretion in determining whether to issue a protective order to protect confidentiality interests. Cronin, 392 Mass. at 534-36.
This Court finds that a protective order limiting distribution of the IAD documents would minimize any chilling effect on the effectiveness of internal investigations and would protect CPD confidential information. Accordingly, the IAD documents shall be limited in use to only the plaintiffs and their counsel and are not to be discussed, distributed or shared with others. If after review of the material, the plaintiffs believe that there is good reason to otherwise distribute some or all of the documents, they may serve an appropriate motion. Additionally, if the parties cannot agree on the use of this evidence in further discovery or at trial, then either party may serve an appropriate motion.
ORDER
For the foregoing reasons, it is hereby ORDERED that:
1. the City of Cambridge’s motion for a protective order preventing plaintiffs from obtaining discovery be DENIED; and
2. the City of Cambridge’s motion for a protective order limiting the use, distribution and discussion of discovery materials to the plaintiffs and their counsel is ALLOWED.

For purposes of background the Court accepts the representations of counsel for both parties as neither party submitted affidavits.

The City’s argument that exceptions to the Public Records' Law exempt the IAD reports from disclosure are not applicable because the Public Records Law does not control the scope of civil discovery.