# RESCRIPT OPINIONS.

PAUL T. INGALLS'S CASE. No. 04-P-1074. February 17, 2005. *Workers' Compensation Act,* Decision of Industrial Accident Reviewing Board, Impartial medical examiner, Findings by administrative judge.

The employee appeals from a decision of the reviewing board of the Department of Industrial Accidents summarily affirming a decision of an administrative judge denying him worker's compensation benefits. A review of the record confirms the fact that the administrative judge's decision was amply supported by the evidence.

1. There was adequate evidence to support the administrative judge's finding regarding the nature of the employee's job. The administrative judge was not required to accept the employee's description of the physical requirements of his job, and any finding relative to the employee's lack of credibility cannot be disturbed. See *Lettich's Case,* 403 Mass. 389, 394-395 (1988).

2. The administrative judge did not err when he denied the employee's motion for additional medical evidence. As grounds for the motion, the employee argues that the impartial medical examiner (IME), Dr. Leader-Cramer, indicated bias against the employee when he stated in his deposition, "[t]here are studies that demonstrate that people involved in litigation for whatever reason — worker's compensation or personal injury or whatever — have much less in the way of good outcomes because, presumably, there's a secondary gain involved for them not to." His comment was not a statement of opinion or predisposition against worker's compensation patients, but merely an observation that such studies exist. Viewed in the context of the deposition as a whole, no bias has been made apparent. The employee's reliance on *Matto* v. *RCA Serv. Co.,* 9 Mass. Workers' Comp. Rep. 759 (1995), is misplaced.

3. The administrative judge adopted the opinions of Dr. Leader-Cramer, the IME, and Dr. Hoerner, who examined the employee on behalf of the insurer. The employee argues that the two opinions are "irreconcilable," and that the administrative judge's "decision constitutes legal error."

Dr. Leader-Cramer opined that the employee "could perform a sedentary occupation, provided he was given the opportunity to change his posture on a fairly frequent basis throughout the day," and if he was not required to lift more than fifteen or twenty pounds or bend too much. It was Dr. Hoerner's opinion that the employee could return to his usual job, with certain limitations on how much he could lift or carry.

There was evidence that the employee's regular work duties were consistent with the limitations imposed by Dr. Leader-Cramer. Since it was Dr. Hoerner's opinion that the employee could return to his regular work duties, the two opinions are not "irreconcilable."

4. When the employee submitted his written closing argument after the hearing, he also filed a motion to introduce additional medical evidence. The motion was accompanied by a note by Dr. Ameri dated after the opinions rendered by Dr. Leader-Cramer and Dr. Hoerner. In his note, Dr. Ameri recommends surgery to resolve the employee's condition. The employee argues that Dr. Ameri's note indicates that his condition deteriorated after Dr. Leader-Cramer and Dr. Hoerner examined him, and that the administrative judge's refusal to take additional medical evidence deprived him of his due process rights. See *O'Brien's Case*, 424 Mass. 16, 22-23 (1996).

There was no error in the administrative judge's denial of the motion. The findings reported by Dr. Ameri after his examination of the employee were consistent with the findings made by Dr. Hoerner and Dr. Leader-Cramer, and did not establish that the employee's condition had worsened. Where there are conflicts in medical opinions, the resolution of those conflicts is for the administrative judge. See *Amon's Case*, 315 Mass. 210, 215 (1943); *Fitzgibbons's Case*, 374 Mass. 633, 636 (1978).

5. The employee argues that the administrative judge erred in accepting Mr. Cheney's testimony that the employer was willing to modify the employee's work responsibilities to accommodate the limitations caused by the employee's injury. We perceive no error because based on the evidence and the opinions of Dr. Leader-Cramer and Dr. Hoerner, the employee was able to return to his regular job with no modifications. See section 3, *supra*. We therefore do not address the issue of whether Mr. Cheney's testimony was sufficient to meet the requirements of G. L. 152, § 35D(3).

*Decision of reviewing board affirmed.*

*Robert M. Peyser* for the employee.

*John A. Morrissey* for the insurer.