STEPHEN LOGAN *vs.* COMMISSIONER OF THE DEPARTMENT OF
INDUSTRIAL ACCIDENTS & another.[1]

No. 06-P-746.

Suffolk. February 6, 2007. - March 28, 2007.

Present: KAFKER, GREEN, & SIKORA, JJ.

*Public Records. Supervisor of Public Records. Department of Industrial
Accidents. Workers' Compensation Act,* Impartial medical examiner.

A Superior Court judge properly upheld the decisions of the commissioner of
the Department of Industrial Accidents and the supervisor of public records
denying the plaintiff's request, pursuant to G. L. c. 66, § 10, the public
records law, for copies of certain reports prepared by an impartial medical
examiner pursuant to G. L. c. 152, § 11A, where such reports, even with
proposed redactions, fit within the "medical files or information" exemp-
tion to the public records law. [535-537]

CIVIL ACTION commenced in the Superior Court Department on
December 28, 2004.

A motion to dismiss was heard by *Frank M. Gaziano,* J., and
a motion for judgment on the pleadings was heard by *Bruce R.
Henry,* J.

*Nicholas A. Semanko (Michael C. Akashian* with him) for the
plaintiff.

*William W. Porter,* Assistant Attorney General, for the
defendants.

KAFKER, J. The issue presented is whether reports by an
impartial medical examiner (IME), prepared pursuant to G. L.
c. 152, § 11A, fit within the "medical files or information"
exemption to the State public records law. We conclude that the
IME reports fit within the exemption, even with the redactions
proposed here, and therefore affirm the judgment of the Superior
Court upholding the decisions of the Commissioner of Depart-

[1]Supervisor of public records.

ment of Industrial Accidents (DIA), and the supervisor of public records (supervisor) denying the public records request.

*Background.* On March 31, 2004, counsel for workers' compensation claimant Stephen Logan filed a written request pursuant to the public records law, G. L. c. 66, § 10, for copies of all IME reports prepared by Dr. Robert R. Pennell pursuant to G. L. c. 152, § 11A, for the time period between January 1, 2002, and March 31, 2004.[2] The request stated, "In order to protect the privacy of any individual, please eradicate the names of the claimants."

On April 16, 2004, the DIA denied the public records request, relying on the medical files or information exemption set out in G. L. c. 4, § 7, Twenty-sixth (*c*) (sometimes referred to as the exemption). Logan appealed the denial to the supervisor. While his administrative appeal to the supervisor was pending, he modified his request to redact the DIA number and the DIA judge's name, as well as the name of the injured worker, from each report. On May 18, 2004, the supervisor denied the request, also relying on G. L. c. 4, § 7, Twenty-sixth (*c*).

In December, 2004, Logan filed suit in Superior Court seeking a declaratory judgment that the IME reports were public records. On April 12, 2005, the DIA approved the lump sum settlement of Logan's workers' compensation case. G. L. c. 152, § 48. Logan continued, however, to press his public records case through counsel.[3] On August 29, 2005, a Superior Court judge denied the defendants' motion to dismiss, concluding that he "cannot say with certainty that Logan cannot obtain disclosure of any information contained with[in] the reports." While the motion to dismiss was pending, Logan filed a motion for a judgment on the pleadings. On February 13, 2006, another

---

[2]Counsel for Logan apparently represented to the judge that Dr. Pennell stated during a deposition undertaken in Logan's workers' compensation case that he had prepared approximately ninety IME reports during this time period.

[3]The public records case is a separate proceeding from the workers' compensation case and is, therefore, not mooted by the lump sum settlement. In addition, the right to inspect public records is provided to "any person," G. L. c. 66, § 10, "whether intimately involved with the subject matter of the records he seeks or merely motivated by idle curiosity." *Bougas* v. *Chief of Police of Lexington,* 371 Mass. 59, 64 (1976).

Superior Court judge denied the motion for a judgment on the pleadings on the basis that the reports contain medical information covered by the exemption, and that even with the redactions agreed to by Logan, the reports contain "personal information which could indirectly lead to the identification of the person to whom the report relates." The judge concluded that the defendants were not obliged to extract "nuggets of nonconfidential information" from the reports.

*Discussion.* The Legislature provided for the establishment of a roster of impartial medical examiners who are certified specialists in various medical fields. G. L. c. 152, § 11A. Those examiners must be willing to prepare reports and be deposed. *Ibid.* The reports are to constitute prima facie evidence in contested workers' compensation cases and they are to contain a determination whether a disability exists, whether any such disability "is total or partial and permanent or temporary in nature," whether any such disability is causally related to a workplace injury, and whether "a medical end result has been reached and what permanent impairments or losses of function" exist. *Ibid.*

As provided in G. L. c. 66, § 10, as amended by St. 1978, c. 294, "Every person having custody of any public record . . . shall, at reasonable times and without reasonable delay, permit it, or any segregable portion of a record which is an independent public record, to be inspected and examined. . . ." Public records are defined broadly to include all "documentary materials or data, regardless of physical form or characteristics, made or received by any [public] officer or employee" unless falling within a statutory exemption. G. L. c. 4, § 7, Twenty-sixth, as amended by St. 1973, c. 1050, § 1. Included among the exemptions are "personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy." G. L. c. 4, § 7, Twenty-sixth (*c*), as amended by St. 1977, c. 691, § 1.

The Supreme Judicial Court has held that "medical . . . files or information are absolutely exempt from mandatory disclosure where the files or information are of a personal nature and relate to a particular individual." *Globe Newspaper Co.* v. *Boston*

*Retirement Bd.*, 388 Mass. 427, 438 (1983). See *Viriyahiranpai-boon* v. *Department of State Police*, 52 Mass. App. Ct. 843, 848 (2001). Consequently, the unredacted IME reports here, which provide detailed medical information on identified individuals, clearly fit within the absolute exemption and are not subject to production or review.

We must also, however, "consider whether the deletion of particular identifying details from the documents sought . . . may bring the documents outside the exemption." *Globe Newspaper Co.* v. *Boston Retirement Bd., supra* at 438. Where "indirect identification" of the individual is still possible, such redaction is insufficient. *Ibid.* In determining whether the individual can be indirectly identified, we review the documents not from the vantage point of the public at large but from those familiar with the individual. *Ibid.* Therefore, removing the name of the employee, as Logan originally proposed, is not enough. See *ibid.* See also *Wakefield Teachers Assn.* v. *School Comm. of Wakefield*, 431 Mass. 792, 795 (2000). Nor is removing the DIA case number and judge, as Logan later proposed to the supervisor. There is still a "grave risk" that those familiar with the employee or his workplace could identify the employee and his medical condition. *Globe Newspaper Co.* v. *Boston Retirement Bd., supra* at 438.

At least on appeal, Logan seems to propose an even greater redaction, one that seeks only "Dr. Pennell's conclusory statements as to causation and disability." This information is apparently sought to determine how many times Dr. Pennell found a causal connection between the physical condition of an employee and a workplace injury, and if a causal connection was found, whether he found the employee disabled. Such data would, according to Logan, reveal Dr. Pennell's bias but not the employees' identities.

As Logan did not make that request to the supervisor, and the supervisor consequently took no action on any such request, the question is not properly before us. We note, however, that the Supreme Judicial Court has declined to order redaction where "it would be both burdensome *and* unnecessary to force the [public record holder] to redact the reports in order to extract the nuggets of nonconfidential information" requested (emphasis

added). *Globe Newspaper Co.* v. *Chief Med. Examiner*, 404 Mass. 132, 134 n.2 (1989). Redaction of each IME report to a core of "conclusory statements as to causation and disability" poses a significant burden on the DIA.[4] Moreover, Logan could have obtained substantially the same information during the deposition of Dr. Pennell taken pursuant to G. L. c. 152, § 11A. See *Ingalls's Case*, 63 Mass. App. Ct. 901, 901 (2005).

For all these reasons, the public records request for the IME reports was properly denied.

*Judgment affirmed.*

---

[4]We note that the request for "conclusory statements as to causation and disability" is far from self-explanatory.